**RESERVE LIFE INSURANCE CO.,**
Appellant,

v.

**Lois E. EVERETT et vir, Appellees.**

No. 14898.

Court of Civil Appeals of Texas.

Dallas.

Feb. 18, 1955.

Barry, McCleery & Humphreys and Joe Bailey Humphreys, Dallas, for appellant.

White & Yarborough and Fred A. Jones, Jr., Dallas, for appellees.

DIXON, Chief Justice.

Appellant's second point on appeal is this: "The court erred in overruling appellant's motion for judgment." The motion referred to is not designated or drawn in the form of a motion non obstante veredicto.

However we find that judgment non obstante veredicto is asked in one part of the prayer. Further in addition to asking the court to disregard the jury's answer to issue No. 4, the motion requests the court "to rectify the findings to special issues Nos. 7 and 8 because the findings of the jury to these particular issues are contrary to the overwhelming competent evidence admitted in this connection." Issues Nos. 7 and 8 inquired whether appellee Lois E. Everett made false representations and whether she knew they were false when she stated in her application that she had not received medical and surgical advice or treatment for reasons other than gastric acidity within three years prior to her application for insurance. Both issues were answered in appellee's favor.

Appellant complains that in considering the sufficiency of the evidence we ignored the testimony of appellee's witness Mrs. Tona Lanning and the Baylor Hospital records. The hospital records show that the final diagnosis of appellee's first confinement in Baylor Hospital, March 20, 1951 to May 13, 1951, was as follows: "neurogenic urinary bladder dysfunction, headache of undetermined origin and peptic ulcer with active crater." The final diagnosis of her second Baylor Hospital confinement, August 4, 1951 to October 17, 1951, was "questionable collagen disease, questionable type, questionable ideology; char-

acterized by arthralgia, by fever, by erythema and by nodosum lesions." The patient's history as given in the records of the second Baylor Hospital confinement was in part as follows: "On Tuesday, July 31st, onset of present illness began, with redness, swelling and pain in both ankles, right knee and both elbows."

The insurance application blank filled out by appellee contained this question: "Have you * * * received medical or surgical advice or treatment within the past three years?" To which appellee answered in writing: "Yes. Below." And below was this written statement, "3–50 Gastric Acidity Dr. Brown Clinic Hospital San Angelo." Appellee Lois E. Everett testified that the above statement was true and that the treatment by Dr. Brown for gastric acidity was the only medical advice or treatment she had received during the three-year period immediately preceding her application for insurance.

This testimony appellant sought to impeach by showing that in giving her medical history to the authorities at Baylor Hospital during her confinement there, appellee had made statements which are in some particulars in conflict and are inconsistent with her testimony.

It must be remembered that this was a jury trial. The jury answered all issues adversely to appellant. In passing upon a motion for judgment non obstante veredicto the court must consider all testimony in a light most favorable to the party against whom judgment is sought. Every reasonable intendment must be indulged in such party's favor. Texas Emp. Ins. Ass'n v. Smith, Tex.Civ.App., 235 S.W.2d 234 (writ ref.). Tested by such rule the evidence in this case in our opinion is sufficient to sustain the court's action in overruling appellant's motion regardless of whether it be considered an ordinary motion for judgment or as a motion for judgment non obstante veredicto.

As to the inconsistencies in Lois E. Everett's testimony and the prior statements attributed to her at Baylor Hospital, we quote the rule stated by our Supreme Court: "Much of the evidence was conflicting, and it must be borne in mind that it was the province of the jury to judge the credibility of the witnesses and the weight to be given their testimony. *It was their province also to resolve conflicts and inconsistencies in the testimony of any one witness as well as in the testimony of different witnesses.*" (Emphasis supplied.) Ford v. Pan Handle & Santa Fe Ry. Co., 151 Tex. 538, 252 S.W.2d 561 at page 563.

Appellant's motion for rehearing is overruled.