RESERVE LIFE INSURANCE COMPANY, Plaintiff in Error,

v.

Ina C. LYLE, Defendant in Error.

No. 36439.

Supreme Court of Oklahoma.

Oct. 11, 1955.

Hatcher & Bond, Chickasha, for plaintiff in error.

Clarence McElroy, Owen Vaughn, Chickasha, Melton, McElroy & Vaughn, Chickasha, of counsel, for defendant in error.

WELCH, Justice.

Ina C. Lyle, as plaintiff, recovered a judgment against the defendant Reserve Life Insurance Company for a sum of money representing the expenses of a hospital confinement incurred by the plaintiff during the term of a certain insurance policy issued by the defendant to the plaintiff.

The particular items of expense which constituted the total of plaintiff's claim were not in dispute. The defendant denied any liability to the plaintiff under the policy. There were no material conflicts in the testimony and evidence presented at the trial.

The insurance policy was issued by the defendant to the plaintiff on July 24, 1951 for a term ending July 23, 1952. On February 19, 1952 the plaintiff was suddenly seized with acute pain and illness diagnosed by a physician as a heart attack. Beginning on said date and for approximately six weeks thereafter the plaintiff was confined at a hospital under treatment for said illness. The policy in its insuring clause provides that insurer will pay for expense of hospital confinement of the

insured, "resulting from sickness, the cause of which originates while this policy is in force and more than fifteen days after the date hereof."

A physician, who examined and treated the plaintiff on February 19, 1952, testified that the plaintiff on said day sustained what the witness characterized as a circulatory accident, a coronary occlusion, and resulting in myocardial infarction; that when a coronary artery or gland supplying blood to the heart muscle becomes occluded so as to shut off the blood supply to the heart muscle there is a resulting degeneration of tissue of the heart muscle or myocardial infarction; that the plaintiff with a coronary occlusion resulting in a myocardial infarction was rendered ill and in need of hospitalization during a period for the healing of the injured heart muscle. The witness stated the plaintiff had arteriosclerosis or hardening or shrinking of the arteries to a degree usual to a person of her age; that arteriosclerosis is usual in persons past fifty years of age; that it is progressive in nature, and accordingly, plaintiff's arteriosclerosis must have had its inception several years ago; that arteriosclerosis may cause arterial occlusion, that there are many causes of arterial occlusion; that it could be, but he did not think necessarily so, that the plaintiff's heart attack was due to her condition of general arteriosclerosis.

The insurance policy shows plaintiff's age as 72 at the date the policy was issued.

Another physician, who had examined and treated the plaintiff during her hospital confinement, stated his opinion that plaintiff's heart attack was due to arteriosclerotic disease of the coronary artery; that he couldn't prove that is exactly the way it happened; that it would have been possible for the plaintiff to have a coronary occlusion from some other source than from arteriosclerosis.

In appeal from the judgment the defendant contends the trial court should have sustained the motion of the defendant for judgment; that under medical testimony it was shown the plaintiff's hospital confinement resulted from sickness, the cause of which was arteriosclerosis and which

arteriosclerosis originated before the policy was issued, and perforce, under terms of the policy no liability of the defendant was shown.

■ The terms of the contract made by the parties, as involves hospitalization insurance, clearly covers the expense of hospital confinement "resulting from sickness the cause of which originates while this policy is in force."

In 45 C.J.S., Insurance, § 893, p. 972, with reference to policy provisions precluding recovery for disability originating before a prescribed time, it is stated:

"* * * Such clauses have been strictly construed against the insurance company, and an illness or disability has been deemed to have its inception when the disease first becomes manifest or active, and not at the earlier time when the medical cause of the disease may have begun or had its origin. Accordingly, such a policy covers losses resulting from illness which first manifests itself after the prescribed period notwithstanding the medical cause thereof antedated such period. Where the policy insures against sickness contracted during its term, insured has been allowed recovery where his disease was contracted before such time but did not cause disability until some time during the term of the policy. * * *"

These rules of construction have been applied in various states, and in this state. See, American Ins. Co. of Tex. v. Brown, 203 Okl. 407, 222 P.2d 757; Annotations of Text, C.J.S. supra.

The insuring clause of the instant policy declares a positive liability for expense of hospital confinement "resulting from sickness," with limitation or exclusion expressed in these words, "the cause of which originates while this policy is in force and more than fifteen days after the date hereof."

The language of the insuring clause does not explicitly state an exception or exclusion of liability in a case where the insured was then infected or affected with a specific or particular disease or disability,

but declares a liability "resulting from sickness."

The word "sickness" is a variable term. The word is stated in a generally accepted dictionary of words and terms, as denoting, "a diseased condition; illness; ill health. b. A disordered or weakened condition in general."

 The expression, "hospital confinement resulting from sickness" connotes something more than a mere diseased condition or ill health. It speaks of an active state of illness or condition which manifests itself as the cause of hospital confinement.

As we interpret the language of the insuring clause it provides for a coverage of hospital confinement which results from a sickness which first becomes manifest or active as a cause for hospital confinement while the policy is in force and more than fifteen days after the effective date of the policy.

In the body of the policy, under a heading "Limitations and Exclusions," there appears this statement:

"2. Tuberculosis, cancer, abdominal hernia or rupture, or any disease of the heart or circulatory system, shall be covered under this policy only if hospital confinement begins after this policy has been in force for six months or more."

Herein, it appears without dispute, that the plaintiff's hospital confinement resulted from myocardial infarction, a sickness or disordered condition of the heart, caused by an arterial occlusion which occurred on February 19, 1952, the date of the beginning of the plaintiff's hospital confinement, and after the policy had been in force for more than six months.

We hold the evidence supports the verdict and judgment.

It is argued the court erred in giving certain instructions concerning the right to a recovery for sickness, the cause of which originates while the policy was in force.

The argument is in repetition of that addressed to a refusal of the court to instruct a verdict for defendant on the basis of the medical testimony.

The defendant complains of the refusal of the court to give a certain requested instruction to the effect that the testimony of professional persons is required to establish the origin and cause of a sickness.

Such testimony by professional persons was given in the case and at the instance of the defendant and not gainsaid or disputed by testimony of others. We find no cause for defendant to complain, and find the instructions given fairly present all issues of law and evidence applicable and proper in the determination of the case.

The judgment is affirmed.

WILLIAMS, V. C. J., and CORN, DAVISON, HALLEY, BLACKBIRD and JACKSON, JJ., concur.