**OLD NATIONAL INSURANCE COMPANY,**
Appellant,

v.

**Harry Keene JOHNSON, Appellee.**

No. 10578.

Court of Civil Appeals of Texas.

Austin.

April 23, 1958.

Rehearing Denied May 15, 1958.

Russell H. Frederick, Houston, for appellant.

Bruce, Flowers & Fortney, Baytown, for appellee.

GRAY, Justice.

Appellee sued appellant to recover benefits under a policy of health and accident insurance issued by appellant to appellee. He also sued for the statutory penalty and a reasonable attorneys' fee under Art. 3.62, Texas Insurance Code, V.A.T.S.

The policy of insurance was issued October 28, 1952, and by its terms there was a premium due April 28, 1956, with a grace period of fifteen days. This premium was not so paid, however, on June 4, 1956, the policy was reinstated. It contained the following provisions:

"3. If default be made in the payment of the agreed premium for this

policy, the subsequent acceptance of a premium by the Company or by any of its duly authorized agents shall reinstate the policy, but only to cover accidental injury thereafter sustained and such sickness as may begin more than ten days after the date of such acceptance."

On March 15, 1956, appellee was examined by two doctors and was found to have a hernia. At that time he was advised that he should have something done. It appears that this examination of appellee was being made on his application for life insurance.

Appellee was a civil engineer and until March 15, 1956, he did not know he had a hernia and had not suffered any pain or any inconvenience from it. He carried on his normal activities until July 17, 1956, when on the advice of his family doctor he entered a hospital and had an operation for hernia. The claim in question here arose as a result of that hospitalization.

Appellee filed claims for benefits under the policy and by a letter dated September 4,. 1956, was advised by appellant as follows:

"Dear Mr. Johnson:

"We now have the completed claim reports in connection with your recent disability.

"After carefully reviewing the claim file we find that even though we would like to ' assist you, we must decline liability under the terms and provisions of the policy.

"The premium, on the above captioned policy, due April 28, 1956, was not received and the policy lapsed at the expiration of the grace period, on June 4, 1956.

"If you will refer to the Standard Provisions, No. 3, of the above captioned policy, you will note that when a policy has been reinstated, benefits are payable for sickness which begins more than ten (10) days after the date of the reinstatement. According to the claim file, the condition for which you are claiming benefits originated prior to the expiration of the ten (10) days waiting period after reinstatement, consequently, we are unable to approve payment of the claim.

"Regretting our inability to be of service for this particular disability, I am"

Also by letters dated October 3, and October 12, 1956, appellant repeated its denial of liability under the policy. Appellee's original petition was filed December 21, 1956.

At a nonjury trial a judgment for appellee for sick benefits under the policy, for the statutory penalty and for an attorneys' fee was rendered.

Appellant here complains that the trial court: (1) made an erroneous application of the law to the undisputed facts; (2) erred in overruling its motion for judgment, and (3) erred in awarding appellee the statutory penalty and an attorneys' fee.

█ It is appellants' contention that because appellee had a hernia prior to June 4, 1956, the date the policy was reinstated, that his "sickness" began "more than ten days after the date of such acceptance," and that his recovery herein is barred by the above quoted provision. It is our opinion that the provision of the policy relates to sickness and not to its cause. Reserve Life Ins. Co. v. Everett, Tex.Civ.App., 275 S.W.2d 713, er. ref., N.R.E., 276 S.W.2d 926. In American Casualty & Life Co. v. Gueringer, Tex.Civ.App., 205 S.W.2d 423, 424, the court considered a clause in an insurance policy providing:

"The Insurance hereunder is against loss due to Hospital Residence * * (b) resulting from sickness the cause of which had its beginning after this policy had been maintained in force for not less than thirty days from the date of issue hereof * * *."..

There the court concluded:

"* * * that the word 'beginning' as used in the phrase, 'which (sickness) had its beginning,' has reference to an illness or medically recognized disease and not merely to a condition which might in the future give rise to a disease."

 The rule applicable to the facts here is stated in 45 C.J.S. Insurance § 893, at page 972, as follows:

"Such clauses have been strictly construed against the insurance company, and an illness or disability has been deemed to have its inception when the disease first becomes manifest or active, and not at the earlier time when the medical cause of the disease may have begun or had its origin. Accordingly, such a policy covers losses resulting from illness which first manifests itself after the prescribed period notwithstanding the medical cause thereof antedated such period. Where the policy insures against sickness contracted during its term, insured has been allowed recovery where his disease was contracted before such time but did not cause disability until some time during the term of the policy."

The above rule is approved in Reserve Life Ins. Co. v. Lyle, Okl.Sup., 288 P.2d 717, 53 A.L.R.2d 682, and see annotations in 53 A.L.R.2d 686 et seq.

We hold that appellee's sickness was within the coverage provided by the policy and appellant's points one and two are overruled.

Art. 3.62 supra provides that if an insurance company shall fail to pay a claim for benefits within thirty days after demand therefore then the company shall be liable to pay the policyholder, in addition to the loss, 12 percent damages on the loss together with a reasonable attorneys' fee for the prosecution and collection of the loss.

By the above letter of September 4, 1956, appellant treated appellee's claim as a demand for payment and by that letter and its subsequent letters denied its liability. These facts being shown appellant is in no position to assert that a demand for payment of the loss was not made. National Life & Accident Ins. Co. v. Dove, 141 Tex. 464, 174 S.W.2d 245. In any event the facts show that more than thirty days had elapsed from the time demand for the payment of the loss was made and the filing of the suit and that such payment had not been made or tendered. Further there is no contention made that the attorneys' fee allowed was not reasonable.

Appellant's point three is overruled and the judgment of the trial court is affirmed.

Affirmed.