ALLIED RESERVE LIFE INSURANCE COMPANY, Plaintiff in Error,

v.

Irvin E. CUNNINGHAM, Defendant in Error.

No. 38438.

Supreme Court of Oklahoma.

Sept. 21, 1960.

Abernathy & Abernathy, by Kenneth Abernathy, Charles C. Baker, Shawnee, for plaintiff in error.

Richard James, Stroud, for defendant in error.

WELCH, Justice.

The policies were issued to plaintiff on October 11, 1955. The recovery was for

expenses during confinement in hospital between January 28, 1957, and February 10, 1957, for removal of prostate gland and treatment for diabetes.

Defendant denies any liability under the policies, and although its argument is presented under three separate propositions, we deem its sufficient to confine our discussion to whether the trial court committed reversible error by failing to sustain defendant's demurrer to the evidence and motion for directed verdict.

The record reveals that the primary illness for which plaintiff was admitted to the hospital was a prostate gland condition, and upon examination he was found to have a diabetic condition, and was placed on a diet.

On the question of diabetes the testimony shows that the plaintiff had taken a physical examination in 1926, in connection with his application for work and the doctor found 2% sugar in his blood and told him to not eat sweets for a couple of days, that after so doing plaintiff was received for work and worked until he retired in the spring of 1955; that from 1926 to time he obtained policy he was never again bothered with or treated for diabetes; that in 1950 he submitted to an appendectomy operation, and was tested for sugar in the blood, but was told none was found. The testimony of his family doctor further discloses that in March of 1955 he was under his treatment for arthritis of the spine, and was hospitalized for three or four days. This witness also testified that he had been the family doctor since 1933, and had never had occasion to treat plaintiff for any other of the ailments referred to herein. The plaintiff testified that he had suffered from slowness of the kidneys prior to applying for the policy, and that it had been necessary for him to urinate once or twice during the night as long as he could remember.

It is clear that the applications which were a part of the evidence failed to reveal the information concerning the plaintiff's prior ailments.

Defendant in its effort to avoid liability on the policies relies on these misrepresentations, and lack of proof that illness for which plaintiff seeks recovery had become active or manifest more than fifteen days after the policies were issued.

■ We have held that where an insurer seeks to avoid liability on an insurance policy by reason of misrepresentations by insured in his application, the burden is upon the insurer, relying on such defense, to plead and prove the facts necessary to sustain its defense. Atlas Life Ins. Co. v. Eastman, Okl., 320 P.2d 397, and Adams v. National Casualty Co., Okl., 307 P.2d 542.

■ It has also been held by this court that the question of the falsity of the statements contained in an application for life or accident insurance policy and the intent of the applicant in making them is for the jury. New York Life Ins. Co. v. Strong, 179 Okl. 280, 65 P.2d 194; New York Life Ins. Co. v. Carroll, 154 Okl. 244, 7 P.2d 440, and New York Life Ins. Co. v. Clark, 110 Okl. 31, 235 P. 1081.

The insurance policy contained a clause providing for payment of expenses resulting from sickness, the cause of which originated while the policy was in force and more than fifteen days after the date of issuance.

■ Clauses like the one inserted in this policy and relied on by the insurer are strictly construed against the insurer, and the cause of the illness originates when it becomes active or there exists a distinct condition which one learned in medicine can, with reasonable accuracy, diagnose the illness as serious enough for treatment, and not at an earlier date when the medical cause of the illness might or may have had its origin. Reserve Life Ins. Co. v. Lyle, Okl., 288 P.2d 717, 53 A.L.R.2d 682; American Ins. Co. of Texas v. Brown, 203 Okl. 407, 222 P.2d 757; Mutual Benefit Health & Accident Ass'n v. Ramage, 293 Ky. 586, 169 S.W.2d 624; 45 C.J.S. Insurance § 893, p. 971.

Herein it appears without dispute that the plaintiff's hospital confinement resulted from prostate gland trouble, a sickness or disordered condition which had never before been diagnosed as such. The record of the physician who performed the operation indicates that symptoms of such illness became active or originated approximately two weeks prior to the operation which was more than one year after the issuance of insurance policy.

In American Ins. Co. of Texas v. Brown, supra, defendant contended that plaintiff failed to bring his alleged disability within the coverage of the policy, as contended here. There we disagreed with such contention, although the physician testified that he could not determine the exact cause of disease. The evidence showed there that the plaintiff did not suffer any ill effects from the disease until nearly a year after the policy was issued, and we held that to be the date of origin of illness.

■ We find the evidence as to misrepresentation, and as to whether illness requiring hospitalization originated during the term of the policy, sufficient to require a submission of the question to the jury. The court instructed the jury that if they found from the evidence that the application of plaintiff contained misrepresentations, omissions, concealment of facts, and/or incorrect statements to to whether applicant had ever had any disease of the kidneys or bladder, diabetes or arthritis, and that same were fraudulent, or were material to the acceptance of the risk by defendant, or to the hazard assumed by it, or that the defendant would not have issued the policies, or would have omitted coverage with respect to the hazards resulting in the loss, had the application recited the true facts, then their verdict should be for defendant.

The jury was further instructed that in order to find for plaintiff they must find that the disability was covered by the policy and originated more than fifteen days after the effective date of the policy.

The jury's verdict for plaintiff includes a determination of these questions and we are unable to say that there was an entire absence of proof tending to show plaintiff's right to recover.

■■ A motion for directed verdict or demurrer to the evidence should not be sustained, unless there is an entire absence of proof tending to show a right to recover; and in passing on same the trial court must consider as true, all of the evidence favorable to party against whom motion or demurrer is directed, together with all inferences that may be reasonably drawn therefrom, and must disregard all conflicting evidence favorable to the movant. Cooke v. Townley, Okl., 265 P.2d 1108.

Therefore judgment is affirmed.

WILLIAMS, V. C. J. and HALLEY, JOHNSON, BLACKBIRD, JACKSON, IRWIN and BERRY, JJ., concur.