Hodges, V. C. J., and Davison, Simms and Doolin, JJ., dissented.

**Wanda Mae VAUGHN, Appellant,**

**v.**

**AMERICAN NATIONAL INSURANCE COMPANY, Appellee.**

**No. 46883.**

Supreme Court of Oklahoma.

Dec. 23, 1975.

Don Porter, Oklahoma City, for appellant.

Jack R. Durland, Jr., Tom L. Armstrong, Crowe, Dunlevy, Thweatt, Swinford, Johnson & Burdick, Oklahoma City, for appellee.

LAVENDER, Justice:

Action brought by beneficiary on life insurance policy providing coverage of $5,000.00 as to ordinary life and an additional coverage of $5,000.00 for accidental death. The insured, Marvin Edward Vaughn, was the son of the beneficiary, Wanda Mae Vaughn. She was the plaintiff. April 4, 1972, the insured died from an automobile accident. It was an accidental death. American National Insurance Company (insurer) refused coverage on its life policy based on misrepresentations found in the application. By cross-petition, insurer sought cancellation of its policy. Trial court rendered judgment for insurer on its cross-petition to rescind. Court of Appeals reversed the judgment of rescission.

The application for insurance was taken from Marvin Vaughn October 19, 1971. American's agent filled in the application from information and answers to the questions given to the agent by Marvin Vaughn. Vaughn then signed the application. Material to this action are the following questions and answers:

"* * *

"15. State name and address of family physician, specialist or clinic for principal proposed insured:
Name: Dr. D. R.
Address: 1217 N. Shartel, Oklahoma City
Date last seen: May 1968
Reason: Pencillin shot – flu
"* * * .

"19. Has any proposed insured
"* * *

"(f) Ever been under observation or treatment in any hospital, sanitarium, clinic or rest home?

| | Yes | No |
|------|-----|-----|
| | ( ) | (X) |

"* * *

"(j) Consulted or been treated or examined by any physician or practitioner for any cause not previously mentioned in this application?

| | Yes | No |
|------|-----|-----|
| | ( ) | (X) |

"* * *."

---

As a part of the application, a medical authorization (to receive any and all information about the applicant with reference to health and medical history and as to any hospitalization, advice, diagnosis, treatment, disease or ailment) was given by the applicant to the insurance company.

In an investigation by the insurer upon the filing of a claim under the policy by the beneficiary after her son's death, it was determined:

The family physician, Dr. R. hospitalized deceased in Deaconess Hospital for "post natural gas inhalation" complications on June 6, 1967. That physician consulted with Dr. W., a psychiatrist. Deceased was transferred to the psychiatric ward at Baptist Hospital where he was treated

for depression until discharged by Dr. W. on June 24, 1967.

Because of these established facts, both the trial court and the Court of Appeals found the answers to questions 19(f) and (j) were false.

The Court of Appeals holds the insurer should be charged with knowledge of applicant's mental and emotional problems for it (1) knew the applicant had a family physician, (2) knew that physician's identity, and (3) had authority from the applicant to secure his medical information. That court excused the false answers because applicant had freely given his family physician's name in the application. The false answers are excused because the applicant was not familiar with the underwriting requirement of the defendant. He did not know what to reveal and what to conceal.

The rationale for the Court of Appeals' holding is based on "actual notice" as defined in *Creek Land & Improvement Co. v. Davis,* 28 Okl. 579, 115 P. 468 (1911):

> "The words 'actual notice' do not always mean in law what in metaphysical strictness they import. They more often mean knowledge of facts and circumstances sufficiently pertinent in character to enable reasonably cautious and prudent persons to investigate and ascertain as to the ultimate facts."

We do not agree the knowledge gained in the answers to the questions contained in the application was "knowledge of facts and circumstances sufficiently pertinent in character for reasonably cautious and prudent persons to investigate and ascertain as to the ultimate facts." Applicant's answer

to question 15 revealed the applicant had a family physician in 1968 and who he was. That revealed fact was tempered with the circumstance or reason for the last visit of May, 1968, "pencillin shot-flu." By answers to questions 19(f) and (j), the application gave knowledge of (1) no observation or treatment in any hospital, sanitarium, or clinic and (2) no consultation, treatment, or examination by any physician for any cause other than a penicillin shot for flu. Those revealed facts were false. The insured was not alerted by the revealed information in the application so as to investigate and ascertain the ultimate fact that the applicant had a history of an emotional problem. The insurer was lulled into complacency by false answers. The agent had no "actual knowledge" to be imputed over to the insurer as "imputed knowledge" as applied by the Court of Appeals.

Under 36 O.S.1971, § 3609,[1] misrepresentations, omissions, concealment of facts, and incorrect statements in the application for insurance prevents recovery under the policy if (1) fraudulent; or (2) material to the acceptance of the risk; or (3) the insurer in good faith would not have issued the policy, or in as large an amount, if the true facts had been made known as required by the application.

In *Massachusetts Mutual Life Ins. Co. v. Allen,* Okl., 416 P.2d 935 (1965) by syllabus, this court said:

> "A 'misrepresentation' in negotiations for a life insurance policy under 36 O.S.1961, § 3609, is a statement as a fact of something which is untrue, and which

---

1. Section 3609 reads:

 "All statements and descriptions in any application for an insurance policy or in negotiations therefor, by or in behalf of the insured, shall be deemed to be representations and not warranties. Misrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy unless:

 1. Fraudulent; or

2. Material either to the acceptance of the risk, or to the hazard assumed by the insurer; or

3. The insurer in good faith would either not have issued the policy, or would not have issued a policy in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been made known to the insurer as required either by the application for the policy or otherwise."

the insured knows or should know is untrue, * * *, and which has a tendency to mislead, where such misrepresentation is material to the risk."

The false information given by the applicant in the application of his not being hospitalized and of no consultation or treatment by a physician, except for flu, concealed from the insurer true facts. These true facts, if revealed, would have given the insurer knowledge requiring a prudent insurer to investigate and would have led to the discovery of applicant's prior emotional problems.

We hold that false information was a misrepresentation. That misrepresentation was material to the acceptance of the risk on the life of the applicant. The insurer is entitled to a judgment of rescission.

Decision of the Court of Appeals vacated and judgment of the trial court affirmed.

WILLIAMS, C. J., and IRWIN, BERRY and BARNES, JJ., concur.

HODGES, V. C. J., and DAVISON, SIMMS and DOOLIN, JJ., dissent.