**Raymond W. BRUNSON, Appellee,**

v.

**MID–WESTERN LIFE INSURANCE COMPANY, Appellant.**

**No. 48057.**

Supreme Court of Oklahoma.

March 16, 1976.

Summerlin, William & Zacharias, by James W. Summerlin, Claremore, for appellee.

Dimmitt N. Choate, McKnight, Gasaway, McKnight & Beck by L. W. McKnight, Enid, for appellant.

BERRY, Justice:

This action was instituted by appellee, Raymond W. Brunson, [Brunson] against appellant, Mid-Western Life Insurance

Company [Mid-Western] to recover on a health insurance policy dated June 1, 1972.

Brunson's petition alleged: The issuance of a policy by Mid-Western; incurrence of medical expenses for surgical and hospital services between January 1, 1973, and May 16, 1973, for treatment of carcinoma of the prostate; submission of a claim for $1,289.09; and denial of his claim.

Mid-Western in answer alleged Brunson made false representations in his application for insurance. It is alleged that at time Brunson and his wife made application for issuance of policy the application form was answered in the negative as to whether Brunson or any family member ever had or been told that they had any disease of kidney, bladder, prostate or female organs, or were now pregnant.

Trial court rendered judgment for Brunson. Mid-Western appeals.

Mid-Western contends it relied on Brunson's representation that he had no disease of the prostate in issuing policy. The company argues that Brunson was treated on numerous occasions in 1964 for prostatitis. It further argues policy was not in force because it excluded a disease which manifested itself within fifteen (15) days after issuance of policy.

The policy provides in part:

"SICKNESS means; (1) a sickness or disease of a covered person first manifesting itself after any applicable benefit of this policy has been in force for such person for at least 15 days * * *"

The evidence disclosed that diagnosis of cancer of the prostate was first made in January of 1973, some 6 months after effective date of policy. The doctor testified Brunson had chronic prostatitis in 1964. He further testified that there was absolutely no relationship between that condition and cancer of the prostate.

In *Allied Reserve Life Insurance Company v. Pierson*, Okl., 357 P.2d 205, we said:

"  *  *  *  The sickness is deemed to 'originate' when it first becomes manifest

by a symptom or condition from which one learned in medicine could with reasonable accuracy disgnose the specific disease which thereafter was the cause of the hospital confinement."

█ We conclude trial court correctly held disease in question first manifested itself more than 15 days after issuance of policy.

Insofar as Mid-Western's defense of misrepresentation in application, the evidence disclosed that Mid-Western's agent answered questions on application in response to queries directed to Brunson and his wife.

Question 15 on application form said:

"Have you or any family member consulted or been treated by any physician or practitioner in the past 5 years?"

Brunson testified that he understood medical questions asked subsequent to Question 15 were questions dealing with ailments and treatments within past 5 years. Evidence showed Brunson had been treated for prostatitis over eight years previously and had not had trouble with this condition since. Brunson further testified agent did not question him concerning prostate.

Brunson's wife testified agent directed Question 17-G to *her* concerning prostate in following manner:

"Any disease of the kidney, bladder, prostate, or female organs? Are you now pregnant?"

She testified she and agent laughed at the question. The agent then answered question in the negative.

Brunson testified he understood Question 17-G to deal with female organs and pregnancies. The agent did not testify.

In recent case of *Vaughn v. American National Ins. Co.*, Okl., 543 P.2d 1404, insured failed to disclose in application for life insurance history of emotional problems. The evidence supported trial court's finding false answers were material to acceptance of risk. In affirming decision

of trial court granting rescission to insurer we stated:

"* * * The insurer was lulled into complacency by false answers * * *"

In present case, if Mid-Western was lulled into complacency by false answers it could reasonably be inferred to be the fault of Mid-Western rather than Brunson. Also, medical evidence supports trial court's finding false answers were not material to acceptance of risk.

In *Security Benefit Ass'n v. Green*, 103 Okl. 284, 229 P. 1061, we held that a life insurance agent in asking applicant questions about his health is presumed to know what his principal desires. We further held that where agent prepares application from answers given, which he declares to be satisfactory and receives premium for insurance, binds his principal by delivery of insurance contract.

In *Massachusetts Mutual Life Ins. Co. v. Allen*, Okl., 416 P.2d 935, wherein agent completed application form, we cited with approval *Security Benefit Ass'n v. Green*, supra, and quoted from the body of opinion as follows:

"If the agent in the preparation of the application, after receiving full disclosures from the applicant relating to his health, deduced erroneous answers and wrote the same in the application, it is not the fault of the insured."

We further quoted with approval 29 Am. Jur., Insurance § 698:

"* * * A 'misrepresentation' in insurance is a statement as a fact of something which is untrue, and which the insured states with the knowledge that it is untrue and with an intent to deceive, or which he states positively as true without knowing it to be true, and which has a tendency to mislead, where such fact in either case is material to the risk."

In instant action, the uncontroverted testimony shows Brunson did not intend to deceive Mid-Western in his application for insurance.

Question of falsity of statements contained in application for life or accident insurance policy and intent of applicant in making them is for jury. *New York Life Ins. Co. v. Strong*, 179 Okl. 280, 65 P.2d 194; *Allied Reserve Life Insurance Company v. Cunningham*, Okl., 355 P.2d 564.

Since this is jury-waived action of legal cognizance we must accord judgment same conclusiveness on appeal that would accompany it if it were based upon verdict of jury, and we have duty to affirm judgment if there is any competent evidence reasonably tending to support it. *Monarch Insurance Company of Ohio v. Rippy*, Okl., 369 P.2d 622.

We are unable to say trial court erred in its determination that there was no misrepresentation on part of Brunson in application.

Mid-Western next contends that although trial court permitted Brunson to introduce evidence, over its objection, of purported waiver, misrepresentation or reformation of contract, these matters were not pleaded by Brunson.

This contention is without merit.

We have consistently held that where an insurer seeks to avoid liability on policy by reason of misrepresentations by insured in his application, insurer, relying on such defense, has burden of pleading and proving facts necessary to sustain the defense. *Atlas Life Ins. Co. v. Eastman*, Okl., 320 P.2d 397; *Adams v. National Casualty Co.*, Okl., 307 P.2d 542; *Allied Reserve Life Insurance Company v. Cunningham*, supra.

We note that Brunson's offer of proof relating to issue of misrepresentations was only made in rebuttal to Mid-Western's cross-examination of Brunson and his wife concerning circumstances surrounding completion of application.

Under above cited decisions it is clear Brunson did not have burden of pleading or proving issue of misrepresentation. It is equally clear that once Mid-Western

raised the issue, Brunson was entitled to put on proof showing there was no misrepresentation in application.

 Nor may parol evidence rule be asserted against Brunson as argued by Mid-Western concerning issue of misrepresentation in application since it was Mid-Western who clearly and properly raised issue of misrepresentation.

Judgment is therefore, affirmed.

WILLIAMS, C. J., and DAVISON, IRWIN, BARNES, SIMMS and DOOLIN, JJ., concur.