**BANCOKLAHOMA MORTGAGE CORP., Appellee,**

v.

**June L. HYSELL, a single person, Appellant,**

**The UNKNOWN SUCCESSORS OF Rodney C. HYSELL, deceased; John Doe(s) Tenants of 20480 E. 44th Street, Harrah Oklahoma; Midstate Homes, Inc., State of Oklahoma, ex rel. Oklahoma Tax Commission, Defendants,**

v.

**MONUMENTAL LIFE INSURANCE COMPANY, Appellee.**

No. 87258.

Court of Appeals of Oklahoma, Division No. 3.

June 25, 1996.

Rehearing Denied July 11, 1996.

Certiorari Denied Oct. 8, 1996.

James A. Scimeca and David T. McKenzie, Oklahoma City, for Appellant.

William P. McDoniel, Oklahoma City, for Appellee, BancOklahoma Mortgage Company.

Mary S. Robertson and Fred R. Gipson, Norman, for Appellee, Monumental Life Insurance Co.

## OPINION

HANSEN, Presiding Judge:

This appeal deals with a credit life insurance policy claimed by Defendant, June Hysell, to be in effect at the time her husband died. Defendant appeals the trial court's judgment sustaining both Plaintiff, BancOklahoma (BOK), and Third Party Defendant, Monumental Life Insurance Company's (Insurer) motions for summary judgment.[1]

The following facts are undisputed. On March 12, 1993, Defendant and her husband Rodney Hysell executed a promissory note and mortgage in favor of BOK. At that time BOK informed the Hysells of the availability of mortgage life insurance. At the closing of the purchase of the home, the Hysells filled out an application for the insurance and paid two months premiums. Insurer never issued the policy of insurance. Mr. Hysell died on March 17, 1993. After Mr. Hysell died, Defendant made claim on the policy stating BOK told her the policy would take effect immediately upon payment of the two months premiums. Insurer denied coverage. Defendant discontinued payments to BOK after May 1, 1993.

BOK filed the present action on November 29, 1993 seeking judgment on the note and foreclosure of the mortgage. Defendant answered claiming several affirmative defenses, including fraud. She also filed a third party petition against Insurer, claiming BOK, as Insurer's agent, had assured her the policy of insurance was effective immediately on payment of the premium, and that she and her husband had relied on this statement. She alleged Insurer wrongfully attempted to rescind the insurance contract and was thus liable to BOK for the amount due on the note. Insurer answered, claiming no certificate of insurance was ever issued, and that it would not have insured Mr. Hysell because he made false representations on the application.

BOK filed a motion for summary judgment arguing there was no substantial controversy as to any material fact and it was entitled to judgment as a matter of law. Defendant filed an amended answer and counterclaim based on misrepresentations. The trial court sustained BOK's motion and certified it as appealable as a final order.

On appeal, in Case No. 83,668, the Court of Appeals reversed and remanded finding many disputed questions of material fact including but not limited to: whether BOK was acting for Insurer, whether BOK made false representations to Defendant regarding the

1. The appeal is submitted for review by this Court without appellate briefs on the accelerated docket pursuant to Rule 4(m), Rules of the District Court, 12 O.S.Supp.1995, Ch. 2 App., and Rule 1.203(A), Rules of Appellate Procedure in Civil Cases, 12 O.S.Supp.1995, Ch. 15, App. 2.

terms of the policy, including the conditions upon which the loan payments would be made by Insurer, whether one or more premiums were paid, whether the closing of the loan caused the policy to be effective, and whether BOK or Insurer was negligent in not issuing the policy.

After remand, Insurer filed its motion for summary judgment. It attached undisputed evidence that Mr. Hysell had wrongfully denied he had ever been treated for mental or nervous disorders, alcohol abuse, high blood pressure, back problems or any digestive disorder. The attached documents showed otherwise.

Defendant at no time denied any of these allegations of misrepresentation by her husband. She only argues they are immaterial because there is no showing Insurer would not have issued the policy anyway if her husband had not died during the processing of the application. Even if Insurer would not continue the insurance coverage after investigation, Defendant submits it was obligated to provide *interim* coverage because of BOK's alleged representation of immediate coverage upon payment of the two months premiums. These representations, she argues, create an *oral* contract for interim coverage.

BOK again filed a motion for summary judgment. In the journal entry of judgment, the trial court granted judgment in favor of BOK and against Defendant on the note and mortgage, and ordered execution on the real estate. It further granted judgment in favor of BOK and against Defendant on her counterclaim against it. It also granted judgment in favor of Insurer and against Defendant on her third party claims against it. The trial court specifically found its judgment to be "a final adjudication of all controversies properly before this court between and among Plaintiff, all Defendants and the Third–Party Defendant." It specifically found Mr. Hysell falsely answered questions on the insurance application which were material and constituted fraud practiced against Insurer.

In her petition in error, Defendant argues the trial court erred in granting BOK's motion for summary judgment when the evidence showed fact questions to be determined by the jury. In Case No. 83,688, the Court of Appeals reversed the trial court's sustention of BOK's motion for summary judgment and set forth the above stated fact questions to be determined at a trial. However, the Court stated, "... because the third party claim against Insurer was an integral part of the transaction between Bank and appellant, it was improper to, in effect, bifurcate the action and allow this appeal to proceed without a resolution of the issues between Appellant and Insurer." Moreover, in that case, there was no evidence before the Court regarding the issue of Mr. Hysell's alleged misrepresentations about his health in his application to Insurer. Therefore, this Court initially shall address the issues between Defendant and Insurer.

█  Defendant claims the trial court erred in granting Insurer's motion for summary judgment based on an oral agreement for interim life insurance pending approval of her and Mr. Hysell's application. Assuming, arguendo, there was an oral agreement for interim life insurance, Insurer contends it properly denied Defendant's claim for mortgage life benefits for the reasons set forth in 36 O.S.1991 § 3609, which provides:

A.  All statements and descriptions in any application for an insurance policy or in negotiations therefor, by or in behalf of the insured, shall be deemed to be representations and not warranties. Misrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy unless:

1.  Fraudulent; or

2.  Material either to the acceptance of the risk, or to the hazard assumed by the Insurer; or

3.  The insurer in good faith would either not have issued the policy, or would not have issued a policy in as large amount, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been made known to the insurer as required either by the application for the policy or otherwise.

Defendant does not dispute that Mr. Hysell concealed the history of his numerous health problems. Mr. Hysell had a ten year

history of mental and nervous disorders evidenced by at least 6 suicide attempts, numerous hospitalizations for depression and alcoholism, a disability diagnosis and rating by the Veterans' Administration in 1992 for post-traumatic stress syndrome. At the time of his application, he was receiving treatment for high blood pressure which dated back to 1990, and was being treated for a probable ulcer. He had undergone two separate back surgeries, and received a disability rating attributable to back problems. We hold this concealment amounts to a misrepresentation which was material to Insurer's acceptance of the risk. *Vaughn v. American National Ins. Co.*, 543 P.2d 1404 (Okla.1975).

■ Moreover, there is no dispute whether the insurance policy would have been issued had Mr. Hysell been truthful. In a letter to Defendant dated June 15, 1993, responding to Defendant's application for mortgage life insurance, Insurer stated, in pertinent part:

... [B]y the time we received this application, we had already been notified by the BancOklahoma Mortgage Corp. that your husband had died on March 17, 1993. Since your husband died prior to our approval of this application, your application and the initial premium check were returned to BancOklahoma as being declined.

We subsequently agreed to reconsider the application along with the claim for benefits under the Mortgage Life coverage. In reviewing this claim for benefits, the Company performed an investigation which included obtaining medical records from the VA Hospital in Oklahoma City, Oklahoma. A review of these medical records revealed that your husband had been treated for Post Traumatic Stress Syndrome and dysthymic disorder as recently as January, 1992. In addition, these medical records revealed a long history of alcohol abuse and several suicide attempts since 1984. Had this history of dysthymic disorder and alcohol abuse been disclosed on your husband's application, coverage would not have been approved by our Underwriting Department.

Based on the foregoing, your husband's application for Mortgage Life insurance was never approved by our company. Consequently, your husband's coverage was never in effect. Further, even if the coverage had been in effect, Mr. Hysell's certificate would have been rescinded based on his prior history of dysthymic disorder and alcohol abuse.

Because in the application, Mr. Hysell made material misrepresentations about his health which were material to the acceptance of the risk, and because there is undisputed evidence Insurer would not have paid benefits pursuant to the policy had it known the true facts, the Insurer had just reasons to deny Defendant's claim for mortgage insurance benefits.

■ Although Defendant argues there was an oral agreement between BOK, as agent for Insurer, and the Hysells to provide interim coverage, she provides this Court with no Oklahoma authority which indicates an insurer is bound by interim coverage based on advance payment of premiums where there is no dispute the applicant has materially misrepresented his health status, that such misrepresentation is material to the insurer's acceptance of the risk, and the insurer, in good faith, would not have issued the policy had the true facts been known to it. The trial court did not err in granting Insurer's motion for summary judgment.

■ Defendant further contends the trial court erred in granting judgment in favor of BOK on her fraud counterclaim against it. She argues that BOK, acting as agent for Insurer, misrepresented she and Mr. Hysell would have interim insurance coverage upon payment of a premium. However, pursuant to § 3609, Mr. Hysell made material misrepresentations on his application which were material to Insurer's acceptance of the risk, and Insurer would not have paid the benefits had it known the true facts.

Defendant presents no evidence BOK committed any fraud or misrepresentations. If Mr. Hysell had not misrepresented his condition on the application, and if Insurer denied interim coverage without basis, Defendant may have presented facts sufficient for recovery against BOK. However, there is no evi-

dence or testimony that BOK promised the Hysells would receive benefits pursuant to the policy if Mr. Hysell lied on his application. The trial court did not err in granting judgment in favor of BOK on the fraud counterclaim.[2]

██ Defendant also contends the trial court erred in granting summary judgment in favor of BOK on the note and mortgage because questions of fact exist regarding her affirmative defenses of estoppel, fraud (actual or constructive), promissory estoppel, detrimental reliance and unjust enrichment. However, with the exception of one citation of authority dealing with fraud, Defendant fails to support her arguments regarding the other affirmative defenses with any citation of authority. An argument in a brief which is unsupported by citation or authority is not sufficient to overcome the presumption in favor of the correctness of a trial court's decision and will not be considered. *Vaughn v. Texaco, Inc.*, 631 P.2d 1334 (Okla.App. 1981). We may not consider Defendant's arguments concerning her affirmative defenses. The trial court did not err in granting BOK's motion for summary judgment.

AFFIRMED.

ADAMS, V.C.J., and BUETTNER, J., concur.

---

**2.** Although Defendant argues the law of the case in Case No. 83,668 prohibits summary judgment, issues dealing with Mr. Hysell's misrepresentation were not in evidence in that appeal.