2005 OK 93

**SCOTTSDALE INSURANCE COMPANY, Appellant,**

v.

**Michael S. TOLLIVER and Sandra L. Tolliver, Appellees.**

**No. 102,080.**

Supreme Court of Oklahoma.

Dec. 20, 2005.

James E. Weger, C. Michael Copeland, John W. Cannon, Tulsa, Oklahoma and Gerald P. Green, Larry G. Cassil, Jr., and Richard M. Healy, Oklahoma City, Oklahoma, Attorneys for Appellant.

Brian E. Dittrich, Dittrich Law Firm, Tulsa, Oklahoma, Attorneys for Appellees.

EDMONDSON, J.

¶ 1 Pursuant to the Revised Uniform Certification of Questions of Law Act, 20 O.S. 2001, §§ 1601 et seq., the United States District Court for the Northern District of Oklahoma submitted the following question to this Court:

"Whether Oklahoma law requires a finding that the insured intended to deceive the insurer before a misrepresentation, omission, or incorrect statement on an insurance application can serve as a ground to prevent recovery under the policy pursuant to Okla. Stat. Tit. 36 § 3609. See *Hays v. Jackson National Life Insurance Co.,* 105 F.3d 583 (10th Cir.1997)."

■ ¶ 2 Title 20 O.S.2001, § 1602 permits this Court to exercise its discretion to answer a question of law within designated guidelines when it is properly certified by specified courts. The statute states:

"Power to Answer. The Supreme Court and the Court of Criminal Appeals may answer a question of law certified to it by a court of the United States, or by an appellate court of another state, or of a federally recognized Indian tribal government, or of Canada, a Canadian province or territory, Mexico, or a Mexican state, if the answer may be determinative of an issue in pending litigation in the certifying court and there is no controlling decision of the Supreme Court or Court of Criminal Appeals, constitutional provision, or statute of this state.

■ ¶ 3 Insureds, Michael and Sandra Tolliver, contend this certified question does not meet the prerequisites of the Uniform Questions of Law Act as we have controlling precedent on the issue. They argue the presentation of this question to us is therefore not appropriate and we should decline to answer it.

¶ 4 We agree with the Tollivers and, as discussed below, we respectfully decline to answer the question. We note that we have previously declined to answer questions certified to us. See *Cray v. Deloitte Haskins & Sells,* 1996 OK 102, 925 P.2d 60 (statutory requirements not met as the certifying court had already determined the question certified); *Bituminous Casualty Corp. v. Cowen Construction, Inc.,* v.2002 OK 34, 55 P.3d 1030 (answer to second question made the first moot); *Hammock v. United States,* 2003 OK 77, 78 P.3d 93 (threshold predicate of second question not met by our answer to first question).

I

¶ 5 The statute at issue, 36 O.S., § 3609, was adopted in 1957 and provides in pertinent part as follows:

A. All statements and descriptions in any application for an insurance policy or in negotiations therefor, by or in behalf of the insured, shall be deemed to be representations and not warranties. Misrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy unless:

1. Fraudulent; or

2. Material either to the acceptance of the risk, or to the hazard assumed by the insurer; or

3. The insurer in good faith would either not have issued the policy, or would not have issued a policy in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been made known to the insurer as required either by the application for the policy or otherwise.

## II

¶ 6 In the underlying action, the insurer, Scottsdale Insurance Company (Scottsdale), sought declaratory relief to avoid payment of the Tollivers' claim for fire loss based on their alleged misrepresentation of their loss history on their application for insurance. Tollivers asserted a counterclaim against Scottsdale for breach of contract and bad faith refusal to pay a claim. A statement of the particular facts involved in this controversy was provided by the certifying court, but in light of our resolution of the matter, we find it unnecessary to state them here.

¶ 7 There was no proof that Tollivers intended to deceive Scottsdale by failing to disclose their previous losses. Scottsdale sought summary judgment contending it should prevail under the provisions of 36 O.S.2001, § 3609, because by the legislature's use of the disjunctive "or" between the subsections, an insured's incorrect statement or omission of fact that is material to the risk assumed by the insurer allows the insurer to deny recovery under the policy, regardless of the insured's intent. Tollivers argued that well settled Oklahoma law construing § 3609 requires a finding that the insured had an "intent to deceive" the insurer before a misrepresentation in an application will be a ground to avoid a policy. The District Court granted Scottsdale's motion to certify the question and Scottsdale's motion for summary judgment is pending.

## III

¶ 8 Our first decision under § 3609 was *Massachusetts Mutual Life Ins. Co. v. Allen*, 1965 OK 203, 416 P.2d 935, in which insurer sought to cancel a life policy because when insured made application for the policy he did not disclose a previous biopsy of a lymph node and he gave incorrect statements to the agent. Beneficiary testified the biopsy was not considered significant and that the agent told insured the form was filled out correctly. The agent admitted that he put down a wrong answer on the application.

¶ 9 Insurer appealed and contended it was entitled to judgment as a matter of law under § 3609 because the insured's misrepresentations, omissions, concealment of facts and incorrect statements were (1) fraudulent, (2) material to acceptance of the risk assumed by the company, and (3) that in good faith it would not have issued the policy if the true facts had been made known. Affirming the judgment in favor of the beneficiaries, the Court rejected insurer's views of the statute's construction and defined the statute's terms to require "intent to deceive" on the part of the insured. In the body of the opinion we quoted and adopted the following definition of misrepresentation:

"A 'misrepresentation' in insurance is a statement as a fact of something which is untrue, and which the insured states with the knowledge that it is untrue and *with an intent to deceive,* or which he states positively as true without knowing it to be true, and which has a tendency to mislead, where such fact in either case is material to the risk." (quoting 29 Am.Jur., Insurance at § 698.)(emphasis added).

"Concealment of fact" was similarly defined:

"Concealment implies an *intentional withholding of facts* of which the insured has or should have knowledge, and the insured cannot be held to have concealed a fact of which he had no knowledge or which he had no duty or reason to know." (quoting 29 Am.Jur. Insurance at § 692)(emphasis added).

¶ 10 In the syllabus by the Court the definitions of "omission" and "incorrect statement" were stated as follows:

"An 'omission' in negotiations for a life insurance policy under 36 O.S.1961, § 3609, is an *intentional omission* to dis-

close a fact or condition which is material to the acceptance of the risk or the hazard assumed . . . ." (emphasis added)

"An 'incorrect statement' in negotiations for a life insurance policy under 36 O.S. 1961, § 3609, is a statement of fact which is untrue and known to be untrue, or so carelessly made that an *intent to deceive may be inferred.*" (emphasis added)

¶ 11 We have three times followed *Massachusetts Mutual's* requirement of a finding of an "intent to deceive" the insurer before a policy may be avoided by reason of the insured's false statement or omission in the application. In *Whitlatch v. John Hancock Mutual Life Insurance Co.,* 1968 OK 6, 441 P.2d 956, 959, the Court, reversing judgment in favor of the insurer on its motion for directed verdict, stated that *Massachusetts Mutual* had "defined the terms, enumerated in [§ 3609], which are made grounds for avoidance of a policy," and had applied the rule that questions as to the falsity of statements in an application and applicant's intent in making the statement are questions for determination by the jury, not questions of law for the court.

¶ 12 In *Brunson v. Mid–Western Life Ins. Co.,* 1976 OK 32, 547 P.2d 970, we quoted and approved the definition of "misrepresentation" from *Massachusetts Mutual* expressly requiring the intent to deceive insurer and following that rule, we affirmed the trial court's judgment in favor of insured based on his lack of intent to deceive the insurer. *Id.* at 973. We noted that an insurer relying on the defense of misrepresentations by the insured in his application bears the burden of pleading and proving the facts necessary to sustain the defense, and that the "[q]uestion of falsity of statements . . . and intent of applicant in making them is for jury." *Id.* Finding that uncontroverted testimony in the jury-waived trial showed Brunson did not intend to deceive his insurer by his false answers, we also upheld the trial court's determination that there was "no misrepresentation" on his part. *Id.*

¶ 13 In *Claborn v. Washington National Insurance Co.,* 1996 OK 8, 910 P.2d 1046, we again quoted and relied on the definition of "misrepresentation" set forth in *Massachu-*

*setts Mutual* and *Brunson* explicitly requiring "intent to deceive" the insurer in order to defend against payment of policy under § 3609. Based on that requirement we found that the insurer was entitled to rescission of the policy and judgment where evidence showed that the "misrepresentations made by Claborn were indeed a known falsity to Claborn." *Id.* at 1049. Citing *Brunson,* the *Claborn* court stated that "[w]here evidence is conflicting, as to either insured's state of health at the time of application, or the falsity of insured's statements in the application process, or the intent of the insured, the issues are properly tendered to the jury for resolution." *Id.*

¶ 14 *Massachusetts Mutual, Whitlatch, Brunson* and *Claborn* are controlling precedent from this Court requiring a finding of insured's intent to deceive an insurer before a misrepresentation, an omission or incorrect statement in an application can avoid the policy under § 3609.

¶ 15 In *Hays v. Jackson National Life Ins. Co.,* 105 F.3d 583 (10th Cir.1997), cited in our certifying question, *Massachusetts Mutual, Brunson* and *Claborn* were followed in holding that Oklahoma law requires proof of an intent to deceive before an insurer can avoid a policy under § 3609. In that matter, beneficiaries appealed the district court's grant of summary judgment in favor of the insurer based on the insured's alleged misrepresentations and omissions. The Court of Appeals rejected the district court's determination that an insured's intent is irrelevant because § 3609 refers to omissions which are fraudulent *or* material, not fraudulent *and* material, and insurer needed to prove only that insured "knew or should have known" that the facts omitted were material to the company's decision to accept the risk. *Id.* at 586. Following our named decisions, the United States Court of Appeals found that the issue of whether insured had the intent to deceive in omitting information was a material issue of fact precluding the summary judgment. See also *Vining v. Enterprise Financial Group, Inc.,* 148 F.3d 1206 (10th Cir.1998) (citing *Hays, supra,* 105 F.3d at 588, and recognizing Oklahoma law requires a finding of intent to deceive to avoid a policy).

¶ 16 We conclude that under these particular circumstances it is inappropriate for us to answer the question certified by the United States District Court and we respectfully decline to answer the question.

¶ 17 WATT, C.J., WINCHESTER, V.C.J., LAVENDER, HARGRAVE, KAUGER, TAYLOR, COLBERT, JJ., Concur.

¶ 18 OPALA, J., Concurs in result.