ODOM v. PENSKE TRUCK LEASING CO.



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:ODOM v. PENSKE TRUCK LEASING CO.

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 ODOM v. PENSKE TRUCK LEASING CO.
2018 OK 23
Case Number: 116554
Decided: 03/13/2018
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2018 OK 23, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

PERRY ODOM and CAROLYN ODOM, Plaintiffs-Appellants,
v.
PENSKE TRUCK LEASING CO., Defendant-Appellee,
and
HENDRICKSON USA, LLC, Defendant.

CERTIFIED QUESTION FROM THE UNITED STATES COURT OF
APPEALS FOR THE TENTH CIRCUIT

¶0 The United States Court of Appeals for the Tenth Circuit certified to this Court a question of state law pursuant to the Revised Uniform Certification of Questions of Law Act, 20 O.S. 2011 §§ 1601-1611.

CERTIFIED QUESTION ANSWERED

Daniel E. Bryan, III and Lane Claussen, Hornbeek, Vitali & Bruan, Oklahoma City, Oklahoma, for Plaintiffs-Appellants.

L. Earl Ogletree and Cameron Ross Capps, Wiggins, Sewell & Ogletree, Oklahoma City, Oklahoma, for Defendant-Appellee.

Solicitor General Mithun S. Mansinghani and Assistant Solicitor General Michael K. Velchik, Office of the Attorney General, Oklahoma City, Oklahoma, for the State of Oklahoma.

COMBS, C.J.:

¶1 The United States Court of Appeals for the Tenth Circuit (Tenth Circuit) certified a question of state law to this Court under the Revised Uniform Certification of Questions of Law Act, 20 O.S. 2011 §§ 1601-1611. The question certified is:

Under the dual-capacity doctrine, an employer who is generally immune from tort liability may become liable to its employee as a third-party tortfeasor, if it occupies, in addition to its capacity as an employer, a second capacity that confers obligations independent of those imposed on it as an employer.

What is the effect of Oklahoma's Administrative Workers' Compensation Act (AWCA), Okla. Stat. Ann. tit. 85A, § 1 et seq., on the dual-capacity doctrine? In particular, does the AWCA's exclusive-remedy provision bar an employee from bringing a tort suit against a stockholder of his employer, even if the tort liability would arise from duties independent of the employment relationship? In other words, does this provision abrogate the dual-capacity doctrine as to an employer's stockholder?

I.

CERTIFIED FACTS AND PROCEDURAL HISTORY

¶2 The underlying facts in this matter are set out in the certification order from the Tenth Circuit. In answering a certified question, the Court does not presume facts outside those offered by the certification order. Siloam Springs Hotel, LLC v. Century Sur. Co., 2017 OK 14, ¶2, 391 P.3d 111; Howard v. Zimmer, Inc., 2013 OK 17, n.5, 299 P.3d 463; In re Harris, 2002 OK 35, ¶4 n.5, 49 P.3d 710. Although this Court will neither add nor delete such facts, we may consider uncontested facts supported by the record. Siloam Springs Hotel, LLC, 2017 OK 14 at ¶2; Howard, 2013 OK 17 at n.5; McQueen, Rains, & Tresch, LLP v. CITGO Petroleum Corp., 2008 OK 66, n.4, 195 P.3d 35.

¶3 Plaintiff-Appellant Perry Odom was an employee of Penske Logistics, LLC. Penske Logistics, LLC is a wholly owned subsidiary of Defendant-Appellee Penske Truck Leasing Co. (PTLC). After a trailer owned by PTLC fell on Odom and injured him, he filed a claim against his employer, Penske Logistics, LLC, pursuant to the Administrative Workers' Compensation Act (AWCA), 85A O.S. §§ 1-125. However, Perry Odom and his wife Carolyn Odom (collectively, the Odoms) also filed a lawsuit against PTLC in federal district court, alleging PTLC's tortious negligence caused Perry Odom's injury.

¶4 PTLC moved to dismiss the Odoms' federal district court action. PTLC argued the exclusive remedy provision of the AWCA, 85A O.S. Supp. 2013 § 5, barred the Odoms from suing a stockholder of Perry Odom's employer in district court, even if the alleged tort liability arose from duties independent of the employment relationship. The federal district court found that PTLC was the sole stockholder of Penske Logistics, and that dismissal was warranted pursuant to 85A O.S. Supp. 2013 § 5.

¶5 The Odoms appealed the district court's ruling to the Tenth Circuit. After briefs were submitted, the court held oral argument on November 13, 2017. On November, 22, 2017, the court certified its question of law to this Court. In its certification order, the Tenth Circuit noted the application of 85A O.S. Supp. 2013 § 5 to suits by an injured employee against an employer's stockholder appears to be a first impression issue in Oklahoma.

¶6 The Tenth Circuit cited Shadid v. K 9 Univ., LLC, 2017 OK CIV APP 45, 402 P.3d 698, for the proposition that 85A O.S. Supp. 2013 § 5 abrogated the dual-capacity doctrine as to employers, but concluded potential application to stockholders remains ambiguous from the statutory language read in context with the interpretation of Arkansas' very similar provision. The Tenth Circuit concluded by noting the wide-ranging consequences for tort law should 85A O.S. Supp. 2013 § 5 be interpreted to bar all suits by an injured employee against any stockholder of the employer for independent acts, and indicated it did not wish to make such an interpretation given the ambiguity of the relevant provision.

II.

REQUIREMENTS FOR ANSWERING CERTIFIED QUESTIONS

¶7 This Court has the power to answer certified questions of law if the certified questions are presented in accordance with the provisions of the Revised Uniform Certification of Questions of Law Act, 20 O.S. 2011 §§ 1601-1611. Siloam Springs Hotel, LLC v. Century Sur. Co., 2017 OK 14, ¶14, 391 P.3d 111; Gov. Emps. Ins. Co. v. Quine, 2011 OK 88, ¶13, 264 P.3d 1245. This Court's discretionary power to answer is set out in 20 O.S. 2011 § 1602, which provides:

The Supreme Court and the Court of Criminal Appeals may answer a question of law certified to it by a court of the United States, or by an appellate court of another state, or of a federally recognized Indian tribal government, or of Canada, a Canadian province or territory, Mexico, or a Mexican state, if the answer may be determinative of an issue in pending litigation in the certifying court and there is no controlling decision of the Supreme Court or Court of Criminal Appeals, constitutional provision, or statute of this state.

Accordingly, in assessing whether a certified federal question of law should be answered by this Court, both factors mentioned by 20 O.S. 2011 § 1602 should be addressed: 1) would the answer be dispositive of an issue in pending litigation in the certifying court; and 2) is there established and controlling law on the subject matter? Siloam Springs Hotel, LLC, 2017 OK 14 at ¶14; Quine, 2011 OK 88 at ¶13.[1] In this matter, it appears the question certified would be both dispositive to the underlying suit in the federal courts, and there is no controlling Oklahoma precedent on the subject matter given the recent adoption of the AWCA and changes made to the exclusive remedy provision.

¶8 This Court also possesses discretionary authority to reformulate the question(s) certified. Siloam Springs Hotel, LLC, 2017 OK 14 at ¶15; McQueen, Rains & Tresch, LLP v. Citgo Petroleum Corp., 2008 OK 66, ¶1 n.1, 195 P.3d 35; Tyler v. Shelter Mut. Ins. Co., 2008 OK 9, ¶1 n.1, 184 P.3d 496. This authority is set out in 20 O.S. 2011 § 1602.1, which provides: "[t]he Supreme Court of this state may reformulate a question of law certified to it." The certification order from the Tenth Circuit acknowledges this Court's power to reformulate the question certified as we see fit.

¶9 As we are constrained by those facts presented in the certification order, this Court's examination is confined to resolving questions of law. Quine, 2011 OK 88 at ¶14; Russell v. Chase Inv. Servs. Corp., 2009 OK 22, ¶8, 212 P.3d 1178. The question presented to this Court by the Tenth Circuit concerns the interpretation and application of the AWCA, 85A O.S. §§ 1-125; specifically, the AWCA's exclusive remedy provision codified at 85A O.S. Supp. 2013 § 5. Statutory interpretation presents a question of law. Corbeil v. Emricks Van & Storage, Guar. Ins., 2017 OK 71, ¶10, 404 P.3d 856; Legarde-Bober v. Okla. State Univ., 2016 OK 78, ¶5, 378 P.3d 562; Fulsom v. Fulsom, 2003 OK 96, ¶2, 81 P.3d 652.

III.

ANALYSIS

¶10 At issue in this matter is the interpretation of 85A O.S. Supp. 2013 § 5(A), which provides:

The rights and remedies granted to an employee subject to the provisions of the Administrative Workers' Compensation Act shall be exclusive of all other rights and remedies of the employee, his legal representative, dependents, next of kin, or anyone else claiming rights to recovery on behalf of the employee against the employer, or any principal, officer, director, employee, stockholder, partner, or prime contractor of the employer on account of injury, illness, or death. Negligent acts of a co-employee may not be imputed to the employer. No role, capacity, or persona of any employer, principal, officer, director, employee, or stockholder other than that existing in the role of employer of the employee shall be relevant for consideration for purposes of this act, and the remedies and rights provided by this act shall be exclusive regardless of the multiple roles, capacities, or personas the employer may be deemed to have. For the purpose of extending the immunity of this section, any operator or owner of an oil or gas well or other operation for exploring for, drilling for, or producing oil or gas shall be deemed to be an intermediate or principal employer for services performed at a drill site or location with respect to injured or deceased workers whose immediate employer was hired by such operator or owner at the time of the injury or death.

The Tenth Circuit wishes to know the effect of this provision on the dual-capacity doctrine, specifically with regard to stockholders of an employer.

1. The dual-capacity doctrine previously permitted suits by employees
against employers if the employer occupied a second capacity that 
conferred upon them obligations independent of those imposed upon
them as an employer.

¶11 In order to answer the question certified, it is helpful to discuss this Court's prior application of the dual-capacity doctrine under the now-repealed Oklahoma Workers' Compensation Act (OWCA). Recognizing that the OWCA did not prohibit an employee from maintaining a common-law action against a negligent third person, in Weber v. Armco, Inc. this Court explained the dual-capacity doctrine in the following manner: an employer who was generally immune from tort liability might become liable to their employee as a third-party tortfeasor; if they occupied, in addition to their capacity as an employer, a second capacity that conferred upon them obligations independent of those imposed upon them as an employer. 1983 OK 53, ¶5, 663 P.2d 1221.

¶12 In Weber, the Court explained the parameters of the dual-capacity doctrine in the context of products liability lawsuits, and that analysis is worth revisiting here:

This concept of duality, which confers third-party status upon the employer, is more meaningful when viewed in terms of an employer having a dual persona. An employer may become a third person if he possesses a second persona so completely independent from and unrelated to his status as an employer, that by established standards, the law recognizes it as a separate legal person. The determinative issue is one of identity, not of activity or relationship. Duality may be created by statute, e.g., a one-man corporation [the corporation is a separate legal person because the statute so decrees]; or it may be recognized by long-established precedent in common-law or equity such as the status of a trustee or guardian. The term dual persona provides legal clarity because it focuses upon the identity of the employer and not upon activity or relationship. A single legal person may be said to have many capacities, as the term capacity has no fixed legal meaning. As a result, few courts have extended the dual-capacity doctrine far enough to destroy employer immunity when only a separate relationship or theory of liability existed.

The majority of jurisdictions have refused to apply the dual-capacity doctrine under a products liability theory, when the employer manufactures, modifies, distributes or installs a product used in the employee's work. Application of the dual-capacity doctrine requires that the second persona of the employer be completely independent from his obligations as an employer. If the employer is also the manufacturer of the product which caused the employee's injury, the two personas of manufacturer and employer are interrelated. An employer has a duty to provide a safe workplace for his employees. If an employer provides an employee with a defective machine or tool to use in his work, he has breached his duty as a manufacturer to make safe machinery, and his duty as an employer to provide a safe working environment. Yet, the two duties are so inextricably wound that they cannot be logically separated into two distinct legal personas.

1983 OK 53 at ¶¶6-7 (footnotes omitted).

2. Title 85A O.S. Supp. 2013 § 5 abrogates the dual-capacity doctrine With
regard to employers.

¶13 Prior decisions of this Court concerning the dual-capacity doctrine relied upon previous iterations of the exclusivity provisions of Oklahoma workers' compensation law that are markedly different from the current exclusivity provision of the AWCA at issue in this matter. See Price v. Howard, 2010 OK 26, 236 P.3d 82; Dyke v. St. Francis Hosp., Inc., 1993 OK 114, 861 P.2d 295; Deffenbaugh v. Hudson, 1990 OK 37. Compare 85A O.S. Supp. 2013 § 5 with 85 O.S. 2011 § 302 (Repealed by Laws 2013, SB 1062, c. 208, § 171, eff. February 1, 2014); 85 O.S. Supp. 2010 § 12 (Repealed by Laws 2011, SB 878, c. 318, § 87, eff. August 26, 2011).

¶14 The plain language of 85A O.S. Supp. 2013 § 5 unambiguously abrogates the dual-capacity doctrine with regard to employers as defined in the AWCA. The Court of Civil Appeals recognized this change in Shadid v. K 9 Univ., LLC, 2017 OK CIV APP 45, 402 P.3d 698. The pertinent language of 85A O.S. Supp. 2013 § 5 states:

No role, capacity, or persona of any employer, principal, officer, director, employee, or stockholder other than that existing in the role of employer of the employee shall be relevant for consideration for purposes of this act, and the remedies and rights provided by this act shall be exclusive regardless of the multiple roles, capacities, or personas the employer may be deemed to have.

¶15 The question at issue in this cause that most concerns the Tenth Circuit, however, is different than the question considered by the Court of Civil Appeals in Shadid. The plaintiff in Shadid sued her employer in an attempt to invoke the dual-capacity doctrine. In contrast, the Tenth Circuit's certification order in this matter establishes that PTLC was not Perry Odom's employer, but rather a stockholder of the employer. Perry Odom's employer, Penske Logistics, LLC, is in fact a wholly-owned subsidiary of PTLC.[2]

3. The language and effect of 85A O.S. Supp. 2013 § 5 on the dual-capacity
doctrine with regard to stockholders is ambiguous. 

 

¶16 The issue in this cause, then, is what effect 85A O.S. Supp. 2013 § 5 has on suits filed by an injured employee against a stockholder of their employer. It is this issue that raises the question of potential ambiguity in the language of 85A O.S. Supp. 2013 § 5(A).

¶17 The cardinal rule of statutory interpretation is to ascertain and give effect to legislative intent and purpose as expressed by the statutory language. Am. Airlines, Inc. v. State, ex rel. Okla. Tax Comm'n, 2014 OK 95, ¶33, 341 P.3d 56; Ledbetter v. Howard, 2012 OK 39, ¶12, 276 P.3d 1031; Villines v. Szczepanski, 2005 OK 63, ¶9, 122 P.3d 466. It is presumed that the Legislature has expressed its intent in a statute's language and that it intended what it so expressed. McClure v. ConocoPhillips Co., 2006 OK 42, ¶12, 142 P.3d 390; Villines, 2005 OK 63 at ¶9; TXO Prod. Corp. v. Okla. Corp. Comm'n, 1992 OK 39, ¶7, 829 P.2d 964.

¶18 Only where legislative intent cannot be ascertained from the language of a statute, as in cases of ambiguity, are rules of statutory interpretation employed. Rouse v. Okla. Merit Prot. Comm'n, 2015 OK 7, n.13, 345 P.3d 366; Am. Airlines, Inc., 2014 OK 95 at ¶33; Villines, 2005 OK 63 at ¶9. The test for ambiguity in a statute is whether the statutory language is susceptible to more than one reasonable interpretation. American Airlines, Inc., 2014 OK 95 at ¶33; YDF, Inc. v. Schlumar, Inc., 2006 OK 32, ¶6, 136 P.3d 656; In re J.L.M., 2005 OK 15, ¶5, 109 P.3d 336. Where a statute is ambiguous, or its meaning uncertain, it is to be given a reasonable construction, one that will avoid absurd consequences if this can be done without violating legislative intent. Am. Airlines, Inc., 2014 OK 95 at ¶33; Wylie v. Chesser, 2007 OK 81, ¶19, 173 P.3d 64; TRW/Reda Pump v. Brewington, 1992 OK 31, ¶5 , 829 P.2d 15. The legislative intent will be ascertained from the whole act in light of its general purpose and objective considering relevant provisions together to give full force and effect to each. American Airlines, Inc., 2014 OK 95 at ¶33; Keating v. Edmondson, 2001 OK 110, ¶8, 37 P.3d 882, 886; State ex rel. Dept. of Human Servs. v. Colclazier, 1997 OK 134, ¶9, 950 P.2d 824, 827.

¶19 Ambiguity arises in this instance when one considers the application of 85A O.S. Supp. 2013 § 5(A) to entities other than an employer, because the language of the statute is susceptible to more than one reasonable interpretation. The first sentence of 85A O.S. Supp. 2013 § 5(A) makes the AWCA the exclusive remedy for employees seeking to recover for injury against not just the employer, but other entities related to the employer, including stockholders. It provides:

The rights and remedies granted to an employee subject to the provisions of the Administrative Workers' Compensation Act shall be exclusive of all other rights and remedies of the employee, his legal representative, dependents, next of kin, or anyone else claiming rights to recovery on behalf of the employee against the employer, or any principal, officer, director, employee, stockholder, partner, or prime contractor of the employer on account of injury, illness, or death.

Title 85A O.S. Supp. 2013 § 5(A) (emphasis added).

The third sentence of 85A O.S. Supp. 2013 § 5(A) addresses the dual-capacity doctrine directly and is where ambiguity arises.[3] For purposes of analysis, the third sentence of 85A O.S. Supp. 2013 § 5(A) is best broken down into its two main clauses. The first portion of the sentence provides: "[n]o role, capacity, or persona of any employer, principal, officer, director, employee, or stockholder other than that existing in the role of employer of the employee shall be relevant for consideration for purposes of this act, ...." Title 85A O.S. Supp. 2013 § 5(A). The sentence then concludes with a second clause, which provides: "and the remedies and rights provided by this act shall be exclusive regardless of the multiple roles, capacities, or personas the employer may be deemed to have." Title 85A O.S. Supp. 2013 § 5(A).

¶20 The Tenth Circuit noted the multiple potential interpretations of the relevant provisions of 85A O.S. Supp. 2013 § 5(A) in its certification order. On the one hand, the Tenth Circuit noted the inclusion of the term "stockholder" in multiple provisions of 85A O.S. Supp. 2013 § 5(A) suggests an attempt by the Legislature to broaden the exclusive remedy provision's applicability to entities such as stockholders of the employer. Certification of Question of State Law, p. 5. On the other hand, the final clause of the third sentence of 85A O.S. Supp. 2013 § 5(A) seems to address the dual-capacity doctrine directly and yet omits any reference to stockholders. In fact, it seems to concern only the dual capacities of the employer: "and the remedies and rights provided by this act shall be exclusive regardless of the multiple roles, capacities, or personas the employer may be deemed to have." Title 85A O.S. Supp. 2013 § 5(A) (emphasis added).

¶21 The Tenth Circuit reached the conclusion that the statute is ambiguous in this context. Further, the Tenth Circuit expressed concern through a hypothetical that certain interpretations of 85A O.S. Supp. 2013 § 5(A) could have wide-ranging consequences, especially if the provision serves to bar suits against stockholders of an employer even if the tort liability arises completely independent of the employment relationship.[4]

¶22 The Odoms assert that even though the terms "employer" and "employee" are defined in the AWCA[5], "stockholder" is not. The Odoms also assert that the term "stockholder" is not found within the AWCA's definition of "employer." Therefore, the Odoms assert the language of 85A O.S. Supp. 2013 § 5(A) is indicative of legislative intent that specific relationships beyond those of "employer" and "employee" do not matter for purposes of the exclusive remedy provision.[6] Accordingly, the Odoms press this Court to adopt an interpretation of 85A O.S. Supp. 2013 § 5(A) where only those principals, officers, directors, or stockholders of an employer who are acting in their role, capacity, or persona as an employer, be shielded from third-party tort liability under the exclusive remedy provision. Or, as they put it "there is absolutely no legislative intent behind shielding a separate corporate entity from liability for its own independent conduct merely because it owns stock in an injured worker's employer." Appellant's Brief in Chief, p. 6.

¶23 The Odoms also argue that such an interpretation is consistent with the Court of Civil Appeals' holding in Shadid, because that cause involved a traditional dual-capacity case: an employer with multiple roles, capacities, or personas. PTLC, the Odoms argue, is not an employer with multiple roles but simply a stockholder, and therefore should be liable for its independent conduct.

¶24 The Odoms further agree with the Tenth Circuit's concerns that any other interpretation would produce potentially absurd results, where individuals who happen to own a single share of stock in an employer could escape liability for completely independent and unrelated torts committed against an employee.

¶25 PTLC, however, asserts 85A O.S. Supp. 2013 § 5(A) unambiguously expands the protections provided by the exclusive remedy provision in a broad fashion, and protects the entire set of categories--"employer, principal, officer, director, employee, or stockholder" --from suit regardless of any other capacity or role they may possess. In other words, PTLC asserts the intent of the Legislature was to abrogate the dual-capacity doctrine with respect to the same classes to which it was providing exclusive remedy protections.

¶30 However, PTLC urges this Court not to consider hypothetical outcomes posited by the Tenth Circuit and by the Odoms. Rather, PTLC essentially argues that application of 85A O.S. Supp. 2013 § 5(A) must still hinge, to some extent, upon the nature of the conduct and the relationship between the parties, and it is that relationship which allows 85A O.S. Supp. 2013 § 5(A) to shield PTLC from suit.

¶31 PTLC argues it is the sole stockholder and parent corporation of the employer, Penske Logistics, rather than some minority stockholder. PTLC argues it owns the trucks used by its subsidiary, the employer, and Perry Odom. Further, it argues the trucks were used in furtherance of the employment relationship and related directly to the business of the employer. "If not for the employment status, his employer would not have provided that equipment to Mr. Odom. Thus, the use of equipment provided by an employer is directly associated with the employment relationship unlike the dog bite hypothetical." Appellee's Brief, p. 15. Essentially, PTLC argues that its duties did not arise independently from the employment relationship, and 85A O.S. Supp. 2013 § 5(A) should therefore bar the Odoms' suit even if Section 5 did not fully and automatically bar all suits against the enumerated categories for employment-related injuries.

¶32 Both parties appear to recognize that in order to avoid the sweeping and potentially absurd results posited by the Tenth Circuit, there must be some relationship between a stockholder such as PTLC and the employment of the injured employee in order for the exclusive remedy provisions of 85A O.S. Supp. 2013 § 5(A) to attach and bar suit.

¶33 Both parties and the Tenth Circuit also reference the Arkansas exclusive-remedy provision, noting the Arkansas administrative workers' compensation framework was a large influence on the drafting and adoption of the AWCA.[7] However, the Arkansas exclusive remedy provision is not identical to 85A O.S. Supp. 2013 § 5(A). It provides:

The rights and remedies granted to an employee subject to the provisions of this chapter, on account of injury or death, shall be exclusive of all other rights and remedies of the employee, his legal representative, dependents, next of kin, or anyone otherwise entitled to recover damages from the employer, or any principal, officer, director, stockholder, or partner acting in his or her capacity as an employer, or prime contractor of the employer, on account of the injury or death, and the negligent acts of a coemployee shall not be imputed to the employer. No role, capacity, or persona of any employer, principal, officer, director, or stockholder other than that existing in the role of employer of the employee shall be relevant for consideration for purposes of this chapter, and the remedies and rights provided by this chapter shall in fact be exclusive regardless of the multiple roles, capacities, or personas the employer may be deemed to have.

Ark. Code. Ann. § 11-9-105(a) (emphasis added).

The emphasized language in the Arkansas provision above is not present in 85A O.S. Supp. 2013 § 5(A), even though the Oklahoma provision does contain the later language of "other than that existing in the role of employer of the employee." This discrepancy is part of why the Tenth Circuit has asked this Court for guidance.

¶34 Arkansas court decisions interpreting that state's exclusive remedy provision imply some nexus between a shareholder and the employment relationship is necessary for the exclusive remedy provision to attach. See Honysuckle v. Curtis H. Stout, Inc., 2010 Ark. 328, 368 S.W.3d 64, 69 (2010); Stocks v. Affiliated Foods Sw., Inc., 363 Ark. 235, 236-237, 213 S.W.3d 3, 4-5 (2005) (remanding for a determination on whether stockholder was acting in capacity of employer at the time of employee's injury, and hence whether workers' compensation was the exclusive remedy); Zenith Ins. Co. v. VNE, Inc., 61 Ark. App. 165, 172, 965 S.W.2d 85, 808 (Ark. App. 1998) (holding employer was a persona of its sole owner and officer, because sole owner and officer was acting as owner, agent, and employee of employer at time of injury).

¶35 As the above discussion illustrates, 85A O.S. Supp. 2013 § 5(A) is subject to more than one reasonable interpretation and is therefore ambiguous. See Am. Airlines, Inc., 2014 OK 95 at ¶33; YDF, Inc., 2006 OK 32 at ¶6; In re J.L.M., 2005 OK 15 at ¶5. Because of this ambiguity, it must be given a reasonable construction, one that will avoid absurd consequences if this can be done without violating legislative intent. Am. Airlines, Inc., 2014 OK 95 at ¶33; Wylie, 2007 OK 81 at ¶19; TRW/Reda Pump, 1992 OK 31 at ¶5. This Court is also required to strictly construe the provisions of the AWCA in the event of ambiguity. Title 85A O.S. Supp. 2013 § 106; Brown v. Claims Mgmt. Res., Inc., 2017 OK 13, ¶21, 391 P.3d 111.[8] Further, we must interpret statutes in a manner which renders every word and sentence operative, not in a manner which renders a specific statutory provision nugatory. Brown, 2017 OK 13 at ¶22; TWA v. McKinley, 1988 OK 5, ¶9, 749 P.2d 108; In re Supreme Court Adjudication of Initiative Petition in Tulsa, Concerning a One Cent Sales Tax Increase for Funding Additional Police Personnel and Comp., 1979 OK 103, ¶ 7, 597 P.2d 1208.

4. The dual-capacity doctrine is not fully abrogated with regard to
stockholders of an employer.

¶36 Close examination of the provisions of 85A O.S. Supp. 2013 § 5(A) indicates that even though the provision lacks the "acting in his or her capacity as an employer" language found in the Arkansas provision, the bar against filing suit against stockholders of an employer cannot be absolute. For one, it would lead to the potential absurd consequences that so concerned the Tenth Circuit in its certification order, and this Court is bound to find a construction that would avoid such absurdities. Further, such an interpretation does not make sense in the context of the rest of the provision referencing the dual-capacity doctrine, which provides:

No role, capacity, or persona of any employer, principal, officer, director, employee, or stockholder other than that existing in the role of employer of the employee shall be relevant for consideration for purposes of this act, and the remedies and rights provided by this act shall be exclusive regardless of the multiple roles, capacities, or personas the employer may be deemed to have.

Title 85A O.S. Supp. 2013 § 5(A) (emphasis added).

Statutes must be read to render every part operative, and to avoid rendering it superfluous or useless. Bryant v. Comm'r of the Dep.t of Pub. Safety, State of Okla., 1996 OK 134, ¶11, 937 P.2d 496; Medina v. State, 1993 OK 121, ¶8 n.10, 871 P.2d 1379.

¶37 Recent decisions of this Court have stressed that the workers' compensation system is a mutual compromise between employers and employees, and that exclusivity was at the heart of the grand bargain between employers and employees. See Vasquez v. Dillard's, Inc., 2016 OK 89, ¶26, 381 P.3d 768; Evans & Assocs. Util. Services v. Espinosa, 2011 OK 81, ¶14, 264 P.3d 1190. In that context, abrogation of the dual-capacity doctrine with respect to employers is in keeping with this compromise because what matters for the purposes of exclusivity is the employment relationship and not any other role the employer may have. See 85A O.S. Supp. 2013 § 5(A). But an interpretation that extends the protections of the exclusivity provision absolutely to potentially legally distinct non-employer entities such as stockholders, regardless of how passive their connection to the employment relationship is, goes far beyond that original purpose and conflicts with later portions of 85A O.S. Supp. 2013 § 5(A).

¶38 The language of the statute implies an inversion of the traditional dual-capacity doctrine set out in Weber. Under that rule, an employer could become a third person if the employer possessed a second persona so completely independent from and unrelated to the status of an employer, that by established standards the law recognized it as a separate legal person. Weber, 1983 OK 53, ¶6. What mattered, we explained, was not activity or relationship, but identity. Weber, 1983 OK 53, ¶6.

¶39 The role of employer to employee is the only role, capacity, or persona of the stockholder that matters for purposes of the AWCA. A stockholder may lose its status as a legal third person and fall under the exclusive remedy protections of 85A O.S. Supp. 2013 § 5(A) if the stockholder possesses a persona that is not independent from that of the employer. More simply stated, is the stockholder acting in the role of employer, rather than being a mere passive stockholder? Whether this test is satisfied must be determined on a case-by-case basis. Making that determination in this matter involves facts and analysis beyond the scope of the question of law certified to us by the Tenth Circuit. See Quine, 2011 OK 88 at ¶14; Russell v. Chase Inv. Services. Corp., 2009 OK 22, ¶8, 212 P.3d 1178.

5. The Odoms' constitutional claims are outside the scope of the question
certified.

¶40 The Odoms also assert constitutional claims, arguing that an affirmative answer to the Tenth Circuit's certified question would render 85A O.S. Supp. 2013 § 5(A) unconstitutional as a special law in violation of Okla. Const. art. 5, § 46, and would violate the due process requirements of Okla. Const. art. 2, § 7 and the access to the courts provisions of Okla. Const. art. 2, § 6. PTLC, however, asserts that the Odoms' constitutional claims are beyond the scope of the question certified by the Tenth Circuit, and further, were not timely raised in the underlying federal litigation and therefore should not be considered by this Court.

¶41 PTLC also raises the procedural requirements of Fed. R. Civ. P. 5.1[9] and asserts the Odoms failed to comply with the requirements of the rule, and failed to in any way question the constitutionality of 85A O.S. Supp. 2013 § 5(A) prior to the federal district court's initial dismissal of PTLC, raising it only on a motion to reconsider. Regardless, it does not appear from the record before this Court that the constitutionality of 85A O.S. Supp. 2013 § 5(A) was considered or ruled upon by the federal courts prior to the Tenth Circuit's certification order.

¶42 In general, the questions certified define the scope of this Court's decision when answering certified questions of law. See Avemco Ins. Co. v. White¸ 1992 OK 147, ¶¶5-6, 841 P.2d 588; Fairview State Bank v. Edwards, 1987 OK 53, n.1, 739 P.2d 994; Ladd Petroleum Corp. v. Okla. Tax. Comm'n, 1980 OK 159, n.4, 619 P.2d 602. Further, Rule 1.10(f) of the Oklahoma Supreme Court Rules provides that briefs are to be strictly limited to the question certified. 12 O.S. Supp. 2013, ch. 15, app. 1. Perhaps most importantly, this Court refrains from applying rules of federal procedure, such as Fed. R. Civ. P. 5.1, on the issues, facts, and proof in causes underlying certified federal questions, and further, refrains from consideration of constitutional issues not embraced in or inextricably intertwined with the certified question. In City of Tahlequah v. Lake Region Elec., Co-op, Inc., we explained:

Because the appeal from which the certified question emanates is not before us for resolution, we refrain (1) from applying the declared state-law response to the facts elicited in the federal-court litigation and (2) from passing upon the effect of federal procedure on the issues, facts and proof in the case. We have briefly outlined the case's factual underpinnings to place the certified question in a proper perspective. It is for the United States Tenth Circuit Court of Appeals to analyze our answer's impact on the case and facts ultimately before it. Lastly, we note that City raises constitutional questions (based upon the Legislature's alleged repeal of an act and its effect upon vested rights and proceedings instituted to enforce the same) which are neither embraced in nor inextricably intertwined with the U.S. Court of Appeals for the Tenth Circuit's certified question. To the extent that issues (constitutional or otherwise) are raised in the parties' briefs which are beyond the certified question's scope, the Court refrains from addressing the same.

2002 OK 2, ¶5, 47 P.3d 467 (emphasis added).

¶43 Finally, the Odom's own arguments concerning the constitutionality of 85A O.S. Supp. 2013 § 5(A) hinge upon a particular answer to the certified question before us. Because this Court does not answer the certified question strictly in the affirmative, the Odom's constitutional issues are not implicated, by their own admission. For all of the above reasons, the Court declines to exceed the bounds of the question certified by the Tenth Circuit and consider the constitutionality of 85A O.S. Supp. 2013 § 5(A) in this instance.

IV.

CONCLUSION

¶44 In answer to the question of law certified to this Court by the Tenth Circuit, the AWCA abrogated the dual-capacity doctrine with regards to employers. Title 85A O.S. Supp. 2013 § 5(A) does not bar an employee from bringing a cause of action in tort against a stockholder of their employer for independent tortious acts when the stockholder is not acting in the role of employer.

CERTIFIED QUESTION ANSWERED

CONCUR: COMBS, C.J., GURICH, V.C.J., KAUGER, WINCHESTER,
EDMONDSON, COLBERT, and WYRICK, JJ.

DISSENT: REIF, J. (by separate writing)

FOOTNOTES

[1] As this Court noted in Siloam Springs Hotel, LLC v. Century Sur. Co., we have routinely declined to answer certified questions of law for a host of reasons:

"We have elected to decline to answer questions certified in a number of causes. Scottsdale Ins. Co. v. Tolliver, 2005 OK 93, 127 P.3d 611 [Declined to answer certified question where controlling Oklahoma precedent existed on the issue certified.]; Hammock v. United States, 2003 OK 77, 78 P.3d 93 [Declined to answer one of two certified questions because of lack of legal relationship necessary to determine the issue.]; Bituminous Casualty Corp. v. Cowen Constr. Co., 2002 OK 34, 55 P.3d 1030, 106 A.L.R.5th 713 [Declined to answer one of two questions certified where response to one question disposed of the case.]; Cray v. Deloitte Haskins & Sells, 1996 OK 102, 925 P.2d 60 [Declined to answer certified question since federal judge made final determination on issue of duty such that Supreme Court was without judicial authority to either affirm or reverse that judgment.]"

2017 OK 14, ¶14 n.1, 391 P.3d 111 (quoting Ball v. Wilshire Ins. Co., 2007 OK 80, ¶4 n. 8, 184 P.3d 463).

[2] Perry Odom has separately pursued remedies against his employer, Penske Logistics, LLC, before the Oklahoma Workers' Compensation Commission. Certification of Question of State Law, p.3.

[3] The meaning and application of the second sentence of 85A O.S. Supp. 2013 § 5(A), which provides "[n]egligent acts of a co-employee may not be imputed to the employer" is not an issue in this matter. The last sentence of 85A O.S. Supp. 2013 § 5(A) makes owners and operators of oil and gas wells principal employers for purposes of extending immunity from civil liability. This provisions was recently determined to be an unconstitutional special law by this Court in Strickland v. Stephens Prod. Co., 2018 OK 6, --- P.3d ----. The offending provision was severed from the remainder of 85A O.S. Supp. 2013 § 5(A).

[4] The Tenth Circuit's certification order provides:

The interpretation of the provision can have wide-ranging consequences. Consider the following example. Jones works for National Cable, a publicly traded company, as a service installer. Jones goes to Smith's home to set up his cable service. As part of a diversified portfolio, Smith happens to hold several shares of National Cable stock. Unfortunately for Jones, Smith has a pit bull Smith knows to be violent. While Jones is installing the cable, Smith's pit bull gets loose from a kennel that Smith has negligently closed. The pit bull attacks and injures Jones. If the AWCA bars suit against stockholders of an employer even if the tort liability arises from duties independent of the employment relationship, then Jones cannot sue Smith for what would otherwise be obviously tortious conduct.

Certification of Question of State Law, pp. 5-6

[5] The definitions are found at 85A O.S. Supp. 2013 § 2(18)(a) and (19), and provide:

18. a. "Employee" means any person, including a minor, in the service of an employer under any contract of hire or apprenticeship, written or oral, expressed or implied, but excluding one whose employment is casual and not in the course of the trade, business, profession, or occupation of his or her employer and excluding one who is required to perform work for a municipality or county or the state or federal government on having been convicted of a criminal offense or while incarcerated. "Employee" shall also include a member of the Oklahoma National Guard while in the performance of duties only while in response to state orders and any authorized voluntary or uncompensated worker, rendering services as a firefighter, peace officer or emergency management worker. Travel by a policeman, fireman, or a member of a first aid or rescue squad, in responding to and returning from an emergency, shall be deemed to be in the course of employment.

...

19. "Employer" means a person, partnership, association, limited liability company, corporation, and the legal representatives of a deceased employer, or the receiver or trustee of a person, partnership, association, corporation, or limited liability company, departments, instrumentalities and institutions of this state and divisions thereof, counties and divisions thereof, public trusts, boards of education and incorporated cities or towns and divisions thereof, employing a person included within the term "employee" as defined in this section. Employer may also mean the employer's workers' compensation insurance carrier, if applicable. Except as provided otherwise, this act applies to all public and private entities and institutions. Employer shall not include a qualified employer with an employee benefit plan as provided under the Oklahoma Employee Injury Benefit Act in Sections 107 through 120 of this act;

[6] In support of this argument, the Odoms cite to the following language in Section 5:

No role, capacity, or persona of any employer, principal, officer, director, employee, or stockholder other than that existing in the role of employer of the employee shall be relevant for consideration for purposes of this act, and the remedies and rights provided by this act shall be exclusive regardless of the multiple roles, capacities, or personas the employer may be deemed to have.

85A O.S. Supp. 2014 § 5(A) (emphasis added).

[7] Generally, where one state has adopted the uniform laws or statutes from another state, at the time of such adoption, decisions from the latter state are persuasive in the former state's construction of such laws. Price v. Sw. Bell Telephone Co., 1991 OK 50, ¶11, 812 P.2d 1355.

[8] As this Court has previously noted:

[T]he rule of strict construction, as applied to statutes, does not mean that words shall be so restricted as not to have their full meaning, but merely means that everything shall be excluded from the operation of the statutes so construed which does not clearly come within the meaning of the language used.

Am. Airlines, Inc. v. State ex rel. Okla. Tax Comm'n, 2014 OK 95, ¶ 31, 341 P.3d 56 (quoting Colcord v. Granzow, 1928 OK 211, ¶ 18, 278 P. 654).

[9] Fed. R. Civ. P. 5.1 provides:

(a) Notice by a Party. A party that files a pleading, written motion, or other paper drawing into question the constitutionality of a federal or state statute must promptly:

(1) file a notice of constitutional question stating the question and identifying the paper that raises it, if:

(A) a federal statute is questioned and the parties do not include the United States, one of its agencies, or one of its officers or employees in an official capacity; or

(B) a state statute is questioned and the parties do not include the state, one of its agencies, or one of its officers or employees in an official capacity; and

(2) serve the notice and paper on the Attorney General of the United States if a federal statute is questioned--or on the state attorney general if a state statute is questioned--either by certified or registered mail or by sending it to an electronic address designated by the attorney general for this purpose.

(b) Certification by the Court. The court must, under 28 U.S.C. § 2403, certify to the appropriate attorney general that a statute has been questioned.

(c) Intervention; Final Decision on the Merits. Unless the court sets a later time, the attorney general may intervene within 60 days after the notice is filed or after the court certifies the challenge, whichever is earlier. Before the time to intervene expires, the court may reject the constitutional challenge, but may not enter a final judgment holding the statute unconstitutional.

(d) No Forfeiture. A party's failure to file and serve the notice, or the court's failure to certify, does not forfeit a constitutional claim or defense that is otherwise timely asserted.

 

 

Reif, J., dissenting:

¶1 The United States Court of Appeals for the 10th Circuit has presented this Court with a certified question of unsettled Oklahoma law, as provided in 20 O.S.2011, §§ 1601 - 1611. The 10TH Circuit has a pending appeal that involves a controversy over the exclusive remedy/immunity provisions in section 5 of Oklahoma's Administrative Workers' Compensation Act, 85A O.S. Supp. 2016, § 1 et seq. The appeal arose from a tort suit brought by Perry and Carolyn Odom against Penske Truck Leasing Co., the parent company of Mr. Odom's direct employer Penske Logistics, LLC. The Odoms seek to recover for injuries Mr. Odom sustained while working for Penske Logistics and for which workers' compensation benefits were paid. The United States District Court for the Western District of Oklahoma dismissed this suit because (1) Penske Truck Leasing is the sole stockholder in Penske Logistics and (2) the first sentence in section 5(A) extends exclusive remedy/immunity protection to a "stockholder" of an employer who is subject to the Workers' Compensation Act.

¶2 The Odoms appealed this dismissal, contending that the exclusive remedy protection in the first sentence in section 5(A) is qualified by the third sentence in this section. The Odoms basically argue that the third sentence limits immunity to instances where the stockholder has acted in "the role of employer." The Odoms assert Penske Truck Leasing did not fulfill this role in regard to Mr. Odom's employment. The task for this Court is to determine Legislative intent concerning exceptions to the exclusive remedy/immunity protection provided by workers' compensation.

¶3 From the inception of workers' compensation in Oklahoma, the rule that workers' compensation provides the exclusive remedy for job-related injuries has been founded on statute. Laws 1915, ch. 246, art. 2, § 2. This first statute contained a single exception for cases where the employer had failed to secure the payment of compensation. In such cases, an action in court to recover damages was allowed, but this claim was to be prosecuted by the State Industrial Commission on behalf of the employee. An amendment in 1919 kept most of the language in the first statute, but specified the action for damages was to be brought by the injured employee or his representative, not the Commission. Laws 1919, ch. 14, § 5.

¶4 An amendment in 1951 added language that declared workers' compensation was not only exclusive, but also "in place of all other liability of the employer . . . at common law or otherwise." 85 O.S.1951, § 12. This amendment also extended protection to "any . . . employees," and made exclusivity binding on the an employee's "spouse, personal representative, parents, dependents, or any other person." Id. Like prior versions, there was a single exception for cases where the employer failed to secure compensation. Id. This amendment clearly expanded the scope of exclusive remedy protection as a substitute for liability "at common law or otherwise."

¶5 In 1982, the Legislature again amended the statute making workers' compensation the exclusive remedy for job-related injuries. 85 O.S. Supp. 1982, § 12. This amendment referred to the exclusive remedy rule as "immunity" for the first time. Id. The amendment also specially addressed the liability of other employers and their employees on the same job as the injured worker. The amendment stated that immunity would not extend to such other employers and their employees unless the other employer stood "in the position of an intermediate or principal employer," including the situation of special master to a loaned servant. Id. In this amendment, the Legislature demonstrated that it would specifically and clearly address any employment relationships it intended to be excepted from the exclusive remedy/immunity protection of workers' compensation.

¶6 In 1984, a special rule of immunity was added. Architects, professional engineers and land surveyors were extended immunity for "services performed at or on the site of a construction project . . . but not [for] negligent preparation of design plans and specifications." 85 O.S. Supp. 1984 , § 12. Again, the Legislature clearly and specifically addressed the scope of the exclusive remedy/immunity rule and an exception therefrom.

¶7 The statutory language addressing the exclusive remedy rule and immunity provided by workers' compensation was again amended in 2011. 85 O.S.2011, § 302. The most noticeable change made by this amendment is the division of the statute into subsections (A) - (I). The second most noticeable change is the addition in subsection (A) of a second exception to the exclusive remedy/immunity rule. This new exception applies in cases of an intentional tort committed by an employer, as more fully explained in subsection (B). The third change made by the legislature was to specially provide in subsection (H) that operators and owners of oil and gas wells and other drilling operations would be treated as "immediate employers" entitled to immunity.[1] Once again, the Legislature has clearly and specifically addressed employment relationships covered by the exclusive remedy/immunity rule and an exception to the rule.

¶8 The current statutory law governing the exclusive remedy and immunity protection of workers' compensation is 85A O.S. Supp. 2016, § 5. This statute has preserved for the administrative system nearly all of the legislative enactments on this subject since the inception of workers' compensation. The first sentence in subsection 5(A) continues the long standing rule that "the rights and remedies granted to an employee subject to . . . Workers' Compensation . . . shall be exclusive of all other rights and remedies . . . ." Id. (emphasis added). In addition, the first sentence preserves the long standing application of this rule to employers and their employees.

¶9 The first sentence in subsection 5(A) also does something new, however, by extending the exclusive remedy/immunity protection to "any" principal, officer, director, stockholder, partner, or prime contractor of the employer. These are the common agents, along with employees, through whom artificial entity employers act.

¶10 Although a new provision, the second sentence of section 5(A) reinforces exclusivity and immunity. The second sentence prohibits imputing the negligent act of a co-employee to the employer.

¶11 A more difficult challenge is presented by the third sentence in section 5(A). The first clause in the third sentence cryptically declares that "No role, capacity, or persona of any employer, principal, officer, director, employee, or stockholder other than that existing in the role of employer of the employee shall be relevant for consideration of the purposes of this act . . . ." Id. To be sure, the relationship of this declaration to existing law is not as readily apparent as in the case of the first sentence.

¶12 While lacking a counterpart in prior statutory law, this declaration does address and eliminate the case law exception to exclusive remedy/immunity recognized in Weber v. Armco, Inc., 1983 OK 53, ¶10, 663 P.2d 1221, 1226-7. This case said workers' compensation would not be the exclusive remedy where "the employer . . . step[s] outside the boundaries of the employer-employee relationship [and] creat[es] separate and distinct duties to the employee . . . ." Id.; 663 P.2d at 1227. Legislative intent to nullify this "outside role or persona" exception is found in the further declaration in the second clause: "the remedies and rights provided by this act shall be exclusive regardless of the multiple roles, capacities, or personas the employer may be deemed to have." 85A O.S. Supp. 2016, §5.

¶13 Perhaps the best reason to reject the Odoms' interpretation of the cryptic first clause in sentence three is that it results in an exception to the exclusive remedy/immunity rule that the Legislature did not clearly and explicitly provide. The Legislature considered and addressed the subject of exceptions in section 5(B). In doing so, the Legislature provided only two exceptions; one in cases where the employer fails to secure the payment of compensation and the other in cases of injuries caused by the intentional torts of the employer. The failure to secure compensation exception has existed since the inception of workers' compensation. The intentional tort exception with special conditions has been the subject of legislation since 2011.

¶14 Moreover, in section 5(H), the Legislature also provided a special exception in cases of architects, professional engineers, and land surveyors. These parties are shielded by the exclusive remedy/immunity rule "for services performed at or on the site of a construction project, but . . . not [for] the negligent preparation of design plans and specifications." Id.

¶15 If the Legislature intended to limit or qualify the right of principals, officers, directors, employees, stockholders, partners and prime contractors to claim exclusive remedy/immunity, it would have expressly done so as it did in sections 5(B) and 5(H), and has consistently done in the past. Instead, the Legislature extended the protection to "any" principal, officer, director, employee, stockholder, or prime contractor of the employer. The use of the word "any" within a statute is equivalent and has the force of "every" and "all." State ex rel Porter v. Ferrell, 1998 OK 41, ¶9, 959 P.2d 576, 578. These terms reflect intent that the subject matter which they modify have "broad and expansive reach." Prescott v. Oklahoma Capitol Preservation Commission, 2015 OK 54, ¶4, 373 P.3d 1032, 1033.

¶16 Finally, the statutory command that the Administrative Workers' Compensation Act is to be strictly construed weighs against recognizing exceptions not clearly stated by the Legislature. 85A O.S.2011, § 1. A strict construction of subsection 5(A) would be as follows: (1) "The rights and remedies granted to an employee subject to the Administrative Workers' Compensation Act shall be exclusive of all other rights and remedies . . . against the employer . . . on account of injury, illness, or death." 85 O.S. Supp. 2016, § 85 (emphasis added); (2) this exclusivity applies "regardless of the multiple roles, capacities, or personas the employer may be deemed to have," because the only "relevant role" for purposes of the Act is "the role of employer;" and (3) an employer who has liability under the Act for an injury, illness or death is protected from civil suit by the exclusive remedy/immunity provisions along with the employer's principals, officers, directors, employees, stockholders, partners, and prime contractors, unless one the specific exceptions to exclusivity applies. This is the general sense of the subsection 5(A) when read in its entirety.

¶17 In the case at hand, Penske Truck Leasing established (1) Mr. Odom worked for Penske Logistics at the time of his job-related injury, (2) Penske Logistics paid workers' compensation benefits to Mr. Odom, and (3) Penske Truck Leasing is a stockholder in Penske Logistics. By virtue of the express language in subsection 5(A), workers' compensation is Mr. Odom's exclusive remedy and Penske Truck Leasing, as a stockholder of Penske Logistics, is immune from civil suit to recover "other rights and remedies." Subsection 5(A) imposes no other burden or condition on Penske Truck Leasing to establish and to enforce its immunity. This is the answer I would give to 10th Circuit's certified question.

FOOTNOTES

[1] This provision was carried over to section 5, but was subsequently found to be unconstitutional in Strickland v. Stephens Production Company, 2018 OK 6, __ P.3d __..

 

 

 





 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2017 OK CIV APP 45, 402 P.3d 698, SHADID v. K 9 UNIVERSITY LLC
Discussed at Length
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1987 OK 53, 739 P.2d 994, 58 OBJ 1823, Fairview State Bank v. Edwards
Discussed
 1988 OK 5, 749 P.2d 108, 59 OBJ 325, TWA v. McKinley
Discussed
 1990 OK 37, 791 P.2d 84, 61 OBJ 1018, Deffenbaugh v. Hudson
Cited
 1991 OK 50, 812 P.2d 1355, 62 OBJ 1785, Price v. Southwestern Bell Telephone Co.
Discussed
 1992 OK 31, 829 P.2d 15, 63 OBJ 682, TRW/Reda Pump v. Brewington
Discussed at Length
 1992 OK 39, 829 P.2d 964, 63 OBJ 942, TXO Production Corp. v. Oklahoma Corp. Com'n
Discussed
 1992 OK 147, 841 P.2d 588, 63 OBJ 3185, Avemco Ins. Co. v. White
Discussed
 1993 OK 114, 861 P.2d 295, 64 OBJ 2864, Dyke v. Saint Francis Hosp., Inc.
Discussed
 1993 OK 121, 871 P.2d 1379, 64 OBJ 2872, Medina v. State
Discussed
 2001 OK 110, 37 P.3d 882, 72 OBJ 3672, KEATING v. EDMONDSON
Discussed
 2002 OK 2, 47 P.3d 467, 73 OBJ 359, CITY OF TAHLEQUAH v. LAKE REGION ELECTRIC, CO-OP, INC.
Discussed
 2002 OK 34, 55 P.3d 1030, BITUMINOUS CASUALTY CORP. v. COWEN CONSTRUCTION, INC.
Discussed
 2002 OK 35, 49 P.3d 710, IN RE HARRIS
Discussed
 2003 OK 77, 78 P.3d 93, HAMMOCK v. UNITED STATES
Discussed
 2003 OK 96, 81 P.3d 652, FULSOM v. FULSOM
Discussed
 2005 OK 15, 109 P.3d 336, IN THE MATTER OF J.L.M.
Discussed at Length
 2005 OK 63, 122 P.3d 466, IN THE MATTER OF THE ESTATE OF VILLINES
Discussed at Length
 2005 OK 93, 127 P.3d 611, SCOTTSDALE INSURANCE COMPANY v. TOLLIVER
Discussed
 2006 OK 32, 136 P.3d 656, YDF, INC. v. SCHLUMAR, INC.
Discussed at Length
 2006 OK 42, 142 P.3d 390, MCCLURE v. CONOCOPHILLIPS COMPANY
Discussed
 2007 OK 81, 173 P.3d 64, WYLIE v. CHESSER
Discussed at Length
 2007 OK 80, 184 P.3d 463, BALL v. WILSHIRE INSURANCE COMPANY
Discussed
 2008 OK 9, 184 P.3d 496, TYLER v. SHELTER MUTUAL INSURANCE CO.
Discussed
 2008 OK 66, 195 P.3d 35, McQUEEN, RAINS & TRESCH, LLP v. CITGO PETROLEUM CORP.
Discussed at Length
 1996 OK 102, 925 P.2d 60, 67 OBJ 2955, Cray v. Deloitte Haskins & Sells
Discussed
 2009 OK 22, 212 P.3d 1178, RUSSELL v. CHASE INVESTMENT SERVICES CORP.
Discussed at Length
 1996 OK 134, 937 P.2d 496, 68 OBJ 25, Bryant v. Commissioner of Dept. of Public Safety
Discussed
 2010 OK 26, 236 P.3d 82, PRICE v. HOWARD
Discussed
 2011 OK 81, 264 P.3d 1190, EVANS & ASSOC. UTILITY SERVICES v. ESPINOSA
Discussed
 2011 OK 88, 264 P.3d 1245, GOVERNMENT EMPLOYEES INSURANCE CO. v. QUINE
Discussed at Length
 2012 OK 39, 276 P.3d 1031, LEDBETTER v. HOWARD
Discussed
 2013 OK 17, 299 P.3d 463, HOWARD v. ZIMMER, INC.
Discussed at Length
 2014 OK 95, 341 P.3d 56, AMERICAN AIRLINES, INC. v. STATE ex rel. OKLAHOMA TAX COMMISSION
Discussed at Length
 2015 OK 7, 345 P.3d 366, ROUSE v. OKLAHOMA MERIT PROTECTION COMMISSION
Discussed
 2015 OK 54, 373 P.3d 1032, PRESCOTT v. OKLAHOMA CAPITOL PRESERVATION COMMISSION
Discussed
 2016 OK 78, 378 P.3d 562, BOBER v. OKLAHOMA STATE UNIVERSITY
Discussed
 2016 OK 89, 381 P.3d 768, VASQUEZ v. DILLARD'S, INC.
Discussed
 2017 OK 13, 391 P.3d 111, BROWN v. CLAIMS MANAGEMENT RESOURCES INC.
Discussed at Length
 2017 OK 14, 391 P.3d 111, SILOAM SPRINGS HOTEL, LLC v. CENTURY SURETY COMPANY
Discussed at Length
 1979 OK 103, 597 P.2d 1208, IN RE SUPREME COURT ADJUDICATION, ETC.
Discussed
 2017 OK 71, 404 P.3d 856, CORBEIL v. EMRICKS VAN & STORAGE
Discussed
 2018 OK 6, 411 P.3d 369, STRICKLAND v. STEPHENS PRODUCTION COMPANY
Discussed
 1928 OK 211, 278 P. 654, 137 Okla. 194, COLCORD v. GRANZOW
Discussed
 1980 OK 159, 619 P.2d 602, Ladd Petroleum Corp. v. Oklahoma Tax Commission
Discussed
 1997 OK 134, 950 P.2d 824, 68 OBJ 3526, STATE ex rel. DEPT. OF HUMAN SERVICES v. COLCLAZIER
Discussed
 1998 OK 41, 959 P.2d 576, 69 OBJ 1884, STATE ex rel. PORTER v. FERRELL
Discussed
 1983 OK 53, 663 P.2d 1221, Weber v. Armco, Inc.
Discussed at Length
Title 20. Courts
 Cite
Name
Level

 20 O.S. 1601, Short Title
Cited
 20 O.S. 1602, Power to Answer
Discussed
 20 O.S. 1602.1, Power to Reformulate Question
Cited
Title 85. Workers' Compensation
 Cite
Name
Level

 85 O.S. 302, Repealed
Discussed
 85 O.S. 12, Repealed
Discussed at Length
 85 O.S. 85, Repealed
Cited
Title 85A. Workers' Compensation
 Cite
Name
Level

 85A O.S. 1, Short Title
Discussed
 85A O.S. 2, Definitions
Cited
 85A O.S. 5, Exclusivity
Discussed at Length
 85A O.S. 106, Act Construction
Cited


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA